In re the Marriage of Katherine Ann **HEINS, Respondent,**

v.

**Gerald Lee HEINS, Jr., Appellant.**

**No. WD 41424.**

Missouri Court of Appeals, Western District.

Jan. 30, 1990.

A.V. McCalley, McCalley and Gorham, Richmond, for appellant.

Michael W. Bradley, Carrollton, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

In this dissolution of marriage case, the husband appeals contending that the trial court erred in its award of child support, maintenance and attorney fees and in the division of marital assets. The basis for the claims of error in support and maintenance allowances lies in the husband's contention that the court overvalued both the wife's needs and the husband's ability to pay while, at the same time, failing to take into account the wife's ability to generate income for herself. As to the division of marital assets, the complaint is that the distribution was grossly and unfairly disproportionate.

Few of the facts in the case were contested. The parties were married in 1977 and separated eleven years later. Three children were born, the oldest being age six at the time of trial. The husband was employed at all relevant times by his father who owned and operated a construction business. The parties' joint income in 1986 amounted to $40,219 and in 1987, was $41,-755, the majority of which was attributable to the husband's wage of $9.00 per hour. In 1988, it was expected that the husband's earnings would be reduced because of a downturn in the construction business, but the husband was assured by his father of having work, if any was to be had, even if no one else in the company was employed.

At the time the parties separated, the wife had no employment. During the marriage, she did some work on a part-time basis. In 1985, 1986 and 1987, she earned income as an accounting and payroll clerk working for her father-in-law. The wife's health was good, but her income generating prospects were limited, first by her current inability to find employment, and by the need to provide child care for the three young children.

The parties had acquired two residences during the marriage, an original house known to them as the old home, and another house bought in September, 1987. Both properties were mortgaged. After the separation, the husband ceased making payments on the debt owed on the home bought in 1987, the mortgage was foreclosed and the property was purchased by the husband's parents.

The trial court was not requested to value the marital assets and it did not do so. The wife was awarded the old home, subject to the remaining mortgage debt, a 1984 Chevrolet and personal items and household goods in her possession, and was ordered to assume a marital debt of $3741.00 owed a bank. The husband was awarded the 1983 Chevrolet truck, a camping trailer, farm implements and personal property in his possession. The husband was ordered to pay two bank notes total-

ling $6683.00 and another bank note for a loan the husband obtained after the parties had separated.

The wife was awarded custody of the three children. The husband was ordered to pay $50.00 per week per child as child support and $200.00 per month maintenance to the wife. The wife was also allowed $1550.00 attorney fees. In a post-judgment motion hearing, after the husband had filed his notice of appeal, the wife was allowed an additional attorney fee payable by the husband for services on the appeal.

The first two points of the husband's appeal will be addressed concurrently, the complaint being that the amounts of child support and maintenance were excessive when balanced against the wife's needs and the husband's ability to pay.

■ The primary infirmity in the trial court's award, discounting entirely the husband's assertions that his ability to pay was not sufficiently noted and that the wife's earning capabilities were ignored, lies in the fact that the needs of the wife and children were over satisfied. The wife testified that the living expenses for herself and the children amounted to $378.00 per month, exclusive of housing. Because the trial court set over to the wife the residence known as the old house, her need for shelter is met by payment of the mortgage installments on that property in the amount of $125.00 per month. Under the evidence presented, the total cost for full support of the wife and children amounted to $503.00 per month, not counting such income as the wife was occasionally generating from part-time occupation. Under the court's decree, however, the husband was ordered to pay over $800.00 per month for child support and maintenance.

It is apparent that the wife's estimates of her support needs were modest, but presumably accurate because they were itemized and based on several months' experience while living apart from the husband after the separation. The wife makes no effort in her brief to explain why an allowance of child support and maintenance of some $300.00 per month over her stated expenses was or is justified. Certainly support payments must be limited to the demonstrable needs of the party receiving support and not to provide an accumulation of capital.

As to the two points on appeal regarding the amounts of child support and maintenance, appellant asks only that the awards be reduced. The amounts of reduction are not suggested nor does any ready basis appear in the record from which this court could fashion a formula to allocate the reductions between child support and maintenance. This is not a case, such as *Arnold v. Arnold,* 771 S.W.2d 914 (Mo.App.1989), in which we elect to apply Rule 84.14 and enter the judgment the trial court should have rendered. There is doubt that justice would thereby be served. Moreover, the cause must be returned to the trial court for consideration of the issue discussed below, whether the award of maintenance is to be designated as modifiable.

Having in mind that the trial court is primarily responsible to exercise its discretion in entering awards of child support and maintenance, and that considerable discretion rests there for both decisional purposes, *Steffens v. Steffens,* 773 S.W.2d 875, 876 (Mo.App.1989); *In Re Marriage of Reed,* 762 S.W.2d 78, 85 (Mo.App.1988), it is appropriate in this case that it be returned to the trial court to re-examine the awards of child support and maintenance and to reduce the allowances at least to amounts of not more than the actual demonstrated support requirements for the wife and children. In those respects, appellant's points one and three are sustained.

■ In point two of his appeal, the husband complains that the decree in general and the maintenance award in particular failed to take account of the fact that the wife, being young and able bodied, was capable of generating income from employment and in fact had some income during the period since the separation. He points to the statute which instructs the court that maintenance may only be awarded if the spouse seeking maintenance is unable to support himself through appropriate employment. Section 452.335.1(2), RSMo

Cum.Supp.1989. The decree failed to include a finding, requisite to entry of an order for maintenance, that the wife was unable to support herself through appropriate employment. The decree did recite that the wife was "in real need of periodic maintenance," but that is not equivalent to finding that the wife was incapable of contributing to her own support.

Quite obviously, the award of maintenance could have been based on a finding, also authorized by the statute, that the wife's custodial duties toward the three children made it inappropriate for her to seek employment outside the home. Ordinarily, the mother of three children, aged one to six, could well assert the priority of child care in the home as precluding any obligation to seek employment outside the home. Here, however, the wife made no such claim. She had actively sought employment and had explored possibilities for child day care as well as calculating the expense for that service. Her explanation for not having secured employment as of the date of hearing was that she had not yet located a suitable job.

Upon reconsideration of the awards for child support and maintenance, it will be incumbent on the court to ascertain whether the wife is capable or incapable of contributing to her own support through appropriate employment and to so recite in its decree, making any adjustment in the award of maintenance as may be thereby indicated.

■ In a third point, the husband observes that the portion of the decree respecting maintenance for the wife failed to state whether that allowance was modifiable. Section 452.335.3, RSMo Cum.Supp. 1989, obligates the court to state in a maintenance order if it is modifiable or non-modifiable. Upon reconsideration of the order for maintenance, if maintenance is allowed, the court must conform its decree to the statute and indicate whether the order for maintenance is subject to future modification.

■ The husband's fourth point asserts an imbalance and inequity in the division of marital assets. The focus of this complaint is upon the allocation of equities in the two homes the parties owned and in the assignment of responsibility for payment of debts. The evidence entitled the trial court to find that an equity of $16,000 existed at the time of separation in the newer home and the equity in the older home was $18,000. The total debts, exclusive of a loan obtained by the husband after the separation and exclusive also of the mortgage balances on the homes, amounted to $11,274.00. The decree set over to the husband the equity in the new home and ordered him to pay $7533.00 of the marital debts. The wife was given the equity in the older home and responsibility for payment of debts amounting to $3741.00.

The crux of appellant's claim that the property division was unfair lies in the fact that the decree balanced the division of equities in the two homes by assigning to him a non-existent equity in real estate held by transferees after foreclosure of the mortgage. That foreclosure occurred when installment payments on the mortgage became six months in arrears. The husband ceased making those payments at a time when the wife and children were occupying the new home contrary to the husband's direction that they vacate the property and during negotiations for settlement of the wife's claims for maintenance and child support.

There was no question that at the time of trial the interests of both the husband and the wife in the new home had been extinguished by the mortgage foreclosure sale. Thus, the award of the equity in that property to the husband transferred to him nothing of current value. The wife contends the amount is nonetheless chargeable to the husband under the principle that if one spouse squanders marital property in anticipation of the divorce, the court may order reimbursement. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981).

In this case, the trial court expressly found that the husband intentionally failed and refused to make the mortgage payments on the new house and when the loan went into default, he made no attempt to prevent foreclosure although he had the

means to do so. This finding is supported by evidence which, if believed by the court, indicated that the husband had the means to save the equity in the property for division as a martial assert. The court was also entitled to infer from the evidence that when the wife refused to vacate the property after the separation, mortgage foreclosure was adopted as a means to accomplish that end. Finally, the court was also entitled to infer that the husband's parents had preserved the equity for disposition outside the marriage dissolution action by bidding on the property at the foreclosure sale. The case is distinguishable from cases such as *Roark v. Roark*, 694 S.W.2d 912 (Mo.App.1985), also a mortgage foreclosure case, in which the property equity was lost but the responsible party did not have the means to avoid the default.

The evidence in this case did permit the court to find, as it did, that the husband's actions were the cause of loss of the residence equity as a marital asset. The portion of the decree which, in effect, charged him with the value of that equity accomplished a restitution. We therefore view the marital property division as though the husband had received an asset of that value. So balanced, the order for division of marital property is not so disproportionate as to demonstrate an abuse of the trial court's discretion. Appellant's fourth point is denied.

■ In a final point, appellant complains of the allowance to the wife of $1550.00 in additional attorney fees for services to be rendered on this appeal. Primarily, he contends that with other financial obligations imposed upon him in other aspects of the case, he cannot afford to defray this additional charge. The husband also contends the award was unsupported by any evidence of the services to be performed.

When a party seeks an award of attorney fees for services to be rendered on appeal, it is required that a showing be made of the extent of services to be rendered so that the trial court can make an award, at least in part, based on evidence of such services, and so the appellate court could examine such evidence, in connection with

other relevant circumstances, in gauging the propriety of the trial court's discretionary action. *Trapani v. Trapani,* 686 S.W.2d 877, 878–79 (Mo.App.1985).

In this case, trial of the cause was concluded on October 21, 1988, the decree was entered November 14, 1988 and the hearing on the motion for allowance of attorney fees on appeal was held February 3, 1989. The court denied the husband an opportunity to present evidence on his current financial circumstances, relying instead on the evidence presented at trial. The sole evidence touching on the services to be rendered by the wife's attorney on appeal was the latter's statement: "I will have to perform for her review of the transcripts, the duties of appeal," and a statement that his fee was $60.00 an hour. The attorney indicated he had no particular amount in mind, only a reasonable amount, "whatever the court deems fair."

The record is totally inadequate to permit any evaluation on appeal of the propriety of the court's order allowing fees for the appeal. Although the present stage of the case affords tangible proof of what services counsel has rendered, the issue is not what this court may consider a reasonable fee for the services which have been provided, but whether the trial court in February, 1989 had evidence before it upon which the allowance was properly made at that time. The evidence bearing on the subject should have been the financial circumstances of the parties as of that date and the work which the wife's attorney anticipated to be necessary in meeting the claims of error in the judgment. That evidence was not supplied in the detail necessary for the trial court to rule nor for this court to review the ruling. The record therefore necessitates reversal of the allowance of attorney fees on appeal. Appellant's fifth point is sustained.

The judgment in the cause rendered November 14, 1988 is affirmed in the matters of dissolution of the marriage, custody of and visitation with the minor children and division of marital assets and debts. The judgment as to maintenance to the wife and allowance for child support is reversed

and the cause is remanded for reconsideration of such awards and allowances in accordance with this opinion. The allowance of temporary and final attorney fees to the wife for services rendered in the cause below is affirmed. The order entered February 3, 1989 allowing the wife attorney fees on appeal is reversed. Costs on appeal are divided equally between the parties.

All concur.