Phillip James–Edward SPRAGUE–CAPPEL by his Next Friend, Jane Frances CAPPEL, and Jane Frances Cappel, individually, Respondent,

v.

Phillip SPRAGUE, Appellant.

No. 61618.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 12, 1993.

Gary Lee Stamper, Columbia, for appellant.

Robert O. Appleton, Jr., Anne Goodwin, Clayton, for respondent.

CRIST, Judge.

Jane Frances Cappel (Mother), individually and as next friend for her son, Phillip James–Edward Sprague–Cappel (Son), sought child support, costs, and certain expenses under the Uniform Parentage Act from Phillip Sprague (Father). The circuit court, adopting the findings of a special master, ordered Father to pay $1,000.00 per month child support, reimbursement for past child-rearing expenses, health insurance premiums, reasonable birth related expenses for Mother and Son, and certain costs and attorney's fees. Father appeals the trial judge's use of Form 14 to calculate his child support obligation and the amount of the child support, costs, and expenses awarded to Mother. Mother appeals the trial court's refusal to award her attorney's fees on appeal. We reverse the trial court's refusal to award Mother attorney's fees on appeal and order Father pay $2,500.00 attorney's fees on appeal to Mother. The judgment is in all other respects affirmed.

Mother and Father began a relationship in October, 1989. She became pregnant around November 15, 1989. She gave birth to Son on August 5, 1990. On August 8, 1990, Mother filed a petition for declaration of paternity. She also requested child support, reimbursement for past support, birth related expenses, attorney's fees, and costs. Father denied paternity. Blood tests were performed. Father stipulated he was the natural father of Son and owed a duty of support.

Father's monthly income is $6,790.00. The Special Master found Mother's monthly income was $2,650.44. In her brief, Mother concedes the Special Master did not include certain interest income in computing Mother's income and $2,986.38 is her actual income for Form 14 purposes. *See* Directions for Use, Form 14. Mother's reasonable work-related child care expenses are $611.00 per month.

Mother incurred reasonable expenses of $9,858.74 for support and maintenance of Son from August 5, 1990, to May 31, 1991. By a consent order of May 14, 1991, Father began paying $700.00 per month support for son beginning on June 1, 1991. Mother, herself, incurred reasonable birth related expenses of $6,855.40. Her birth related expenses for Son were $5,394.03. Mother incurred $5,600.00 in reasonable attorney's fees.

Neither party filed Form 14. The Special Master, using Form 14 as prescribed by Rule 88.01, found Father's child support obligation to be $1,000.00 per month. She ordered Father to reimburse Mother for $6,300.00 of her expenses for raising and maintaining Son from August 5, 1990 to May 31, 1991, and ordered Father to maintain medical insurance for Son through his work or to purchase medical insurance if that was not possible. In addition, the Special Master ordered Father to pay all of Son's birth related expenses and all of Mother's reasonable birth related expenses. She also ordered Father to pay all of Mother's reasonable attorney's fees, one-half ($90.00) of the guardian ad litem fees, and $1,908.70 of a $2,068.70 Special Master's fee.

█ In his first point, Father asserts the trial court erred in applying Rule 88.01 to determine his child support obligation because Rule 88.01 does not apply in cases for child support arising under the Uniform Parentage Act. Rule 88.01 was mandatory when Mother filed her petition for paternity and support. Under the plain language of that Rule and as noted in *M.L.H. by D.R.H. v. W.H.P.*, 831 S.W.2d 677 (Mo.App. 1992), "[t]here is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded *in any judicial … proceeding for … child support.*" *Id.* at 683[14]; *See also, K.R.W. by A.C.S. v. D.B.W.*, 830 S.W.2d 38, 40[2] (Mo.App.1992). Thus, "Rule 88.01 is applicable to child support awards in paternity actions." *M.L.H.*, 831 S.W.2d at 683[14]. Point denied.

█ In his second point, Father asserts the trial court erred in ordering him to pay

$1,000.00 per month child support because Mother introduced evidence of Son's actual needs, and that evidence rebutted the presumption that the Form 14 calculation was correct.

■ "[W]hen a custodial parent gives evidence as to the children's financial needs under that parent's care, the presumed amount of child support amount [sic] under Form 14 has been rebutted. When a party introduces evidence *controverting a presumed fact,* the fact must then be determined from the evidence in the case as if no presumption had ever been in operation." *Harding v. Harding,* 826 S.W.2d 404, 407[5] (Mo.App.1992) (emphasis added).

Mother's evidence at trial did not controvert the presumed amount of child support under Form 14. Under Form 14, the presumed need of a child whose parents earn combined income of $9,776.38 ($2,986.38 + $6,790.00) is $970.00 plus work-related child care costs. Mother's child care costs are $611.00 per month, bringing the presumed need under the guidelines to $1,581.00.

Mother's income and expense statement reflected $550.00 per month in food, clothing, medical, recreation, and laundry expenses attributable directly to son. With child care costs, expenses directly attributable to Son total $1,161.00 ($550.00 + $611.00). Mother's utility costs for her and Son were listed as $185.00 per month and transportation costs were $388.50 per month. Mother's mortgage payment was $551.00 per month.

■ The "needs" of a child for child support purposes may include a portion of housing, utilities, and transportation costs. *Scheidt v. Scheidt,* 776 S.W.2d 470, 473[7] (Mo.App.1989); *Jaudes v. Jaudes,* 715 S.W.2d 329, 332[3] (Mo.App.1986); *Barac v. Barac,* 684 S.W.2d 869, 870[1] (Mo.App. 1984). There are no fixed rules for determining what portion of a parent's housing, utility, and automobile expenses are attributable to a child. If the trial court considered $420.00 of these expenses attributable to Son, the presumed child support amount would not be rebutted ($420.00 + $550.00 = $970.00). *See, Heins v. Heins,* 783 S.W.2d 481, 483[1] (Mo.App.1990) (mortgage payments are a "need" of wife and children for purposes of determining a combined child support and maintenance award); *But see, Hohenberg v. Hohenberg,* 703 S.W.2d 555, 557[1] (Mo.App.1985) (portion of mortgage payments are not part of the "needs" of a child). Such a finding is supported by substantial evidence and is not against the weight of the evidence.

■ Father argues this award is tantamount to an accumulation of capital as prohibited by *Heins,* 783 S.W.2d at 483[1]. He asserts his obligation to support his child should not exceed Mother's gross income minus Mother's expenses for supporting herself and Son. Mother's income and expense statement reflect monthly costs for her and Son totalling $3,818.56. Her monthly gross income was $2,986.38. Father concludes he should not have to pay any more than the difference between these two amounts, $832.18. Because Mother was awarded more than this amount, Father deduces, "the needs of the child were over satisfied."

We find no precedent for the proposition Father's duty of support for his minor child exists only if and to the extent Mother, alone, cannot carry the entire burden of supporting that child. *Heins,* cited by Father, is inapplicable. In that case, no income was attributed to the wife and the court considered whether the husband's combined obligation for maintenance and child support exceeded the combined actual needs of the wife and child. This is distinguishable from a determination of child support, only, where both parents have income. "[I]t is the duty of both parents to support their minor children." *Deardorff v. Bohannon,* 761 S.W.2d 651, 655[7] (Mo. App.1988).

■ Father also contends the trial court erred in not deducting insurance premiums he was ordered to pay for Son from his child support obligation. Form 14, Comment (A) states: "Health insurance coverage. For each child support order, consideration should be given to provision of adequate health insurance coverage for the

child. *See* § 452.353 RSMo." Section 452.-353(10), RSMo (Supp.1992) has been interpreted to require a parent's share of health insurance premiums for a child to be deducted from that parent's total child support obligation. *Switzer v. Switzer*, 821 S.W.2d 125, 127[6] (Mo.App.1992). The only evidence of the cost of insurance for Son was Father's testimony monthly premiums through Father's employment would be $35.00. Therefore, this amount should be deducted from Father's child support obligation.

■ Before we calculate this deduction, however, we note, sua sponte, the special master incorrectly calculated Father's child support obligation to be $1,000.00. The parties' combined income was $9,776.38 ($2,986.38 + $6,790.00). Their presumed obligation is $970.00 per month according to the Form 14 Schedule of Basic Child Support Obligations. Work-related child care costs are $611.00, bringing the total presumed need to $1,541.00. Father's share of the total $1,581.00 is $1,090.89 (69% × $1,581.00). Father's obligation decreases to $1,055.89 per month when Father's $35.00 health care premiums are considered. Father is in no position to complain. Point denied.

In Father's third point, he asserts the trial court abused its discretion in ordering Father to pay all of Son's birth related expenses, all of Mother's reasonable birth related expenses, all of Mother's reasonable attorney's fees, most of the Special Master's fee, and $6,300.00 in "retroactive child support." Father complains these amounts are an erroneous application of the law because the Uniform Parentage Act and Rule 88.01 "create a presumption of proportionate responsibility for the payment of costs, reasonable birth related expenses and the cost of support already incurred."

■ First, we note Father mischaracterizes the Special Master's award. The award includes $6,300.00 "for reimbursement for support and maintenance of the minor child from August 5, 1990 to May 31, 1991." This amount is not a "retroactive child support" award based on the Child Support Guidelines as prohibited by *Schulze v. Haile*, 840 S.W.2d 263, 265–66[2–3] (Mo.App.1992).

We turn to the merits of Father's point. Under the Uniform Parentage Act, the trial court has discretion in its award of costs, birth related expenses and past support. Sections 210.841 and 210.842, RSMo (Supp. 1992), in part, state:

§ 210.841 * * * (3) * * * The judgment or order may direct the father to pay the reasonable expenses of the mother's pregnancy and confinement. * * * (4) * * * The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred *that the court deems just.*

§ 210.842. Costs.—The court may order reasonable fees for counsel, experts, the child's guardian ad litem, and other costs of the action and pretrial proceedings, including blood tests, to be paid by the parties *in such proportions and at such times as determined by the court. . . .*

(emphasis added).

Mother's income was $2,986.38 per month. She did not have sufficient money, assets, or property to pay attorney's fees and costs. After paying $1,250.00 in attorney's fees, she still owed $6,478.94. She had taken out a loan to cover the cost of Son's birth. Father's income was $6,790.00 per month. He testified he had $15,000 in the bank. We find no abuse of discretion. Point denied.

■ In her only point, Mother asserts the trial court erred in denying her motion for attorney's fees on appeal. The court denied Mother's motion because it determined § 210.842, RSMo (Supp.1992) did not expressly authorize such award pending appeal.

Section 210.841(3), RSMo (Supp.1992) states the trial court's judgment in a paternity proceeding "may contain any other provision directed against the appropriate party to the proceeding concerning ... any matter in the best interests of the child." This authorization includes an award of attorney's fees on appeal. The parties stip-

ulated $2,500.00 was a reasonable amount of attorney's fees. Given the financial circumstances of the parties, the trial court erred in not awarding this amount to Mother. We reverse that portion of the trial court's order and direct Father to pay $2,500.00 to Mother for her attorney's fees on appeal. *See* Rule 84.14.

Father is ordered to pay Mother $2,500.00 for her attorney's fees on appeal. The judgment is in all other respects affirmed.

AHRENS, P.J., and REINHARD, J., concur.