**Thomas L. KING, Petitioner/Appellant,**

v.

**Donna Jean KING, Respondent/Respondent.**

No. 62095.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 16, 1993.

Edward M. Pultz, Farmington, for petitioner/appellant.

Ronald D. White, Rolla, for respondent/respondent.

GRIMM, Judge.

Father appeals from a modification order which increased the amount he is to pay for child support. We affirm.

I. Jurisdiction

Before considering the merits, we address mother's challenge to our jurisdiction. She contends father did not file a timely notice of appeal; therefore, this court lacks jurisdiction to consider his appeal. We disagree.

 In August, 1990, mother moved to modify her dissolution decree. On August

21, 1991, an evidentiary hearing was held. The August 21 docket sheet entry states, "The court indicates to counsel its findings and conclusions and direct[s] counsel for [father] to prepare a formal modified decree in conformity with said findings and conclusions."

According to the October 15 docket sheet entry, father complied with that order and submitted a proposed decree on September 13. The amended modified decree indicates the trial judge signed the modified decree on September 20; however, he hand dated it "8/21/91."

On October 1, father filed a Motion to Amend Judgment, or, in the Alternative for a New Trial. On October 15, the court sustained the motion and set aside the modified decree. On December 3, the court entered an amended modified dissolution decree.

Mother contends that the trial judge entered its judgment on August 21, 1991. Thus, this judgment became final thirty days after August 21, and father must have filed his notice of appeal on or before September 30. Therefore, she argues, father's appeal is untimely as his notice of appeal was not filed by that date.

Neither the court's oral indications of its findings and conclusions nor the docket sheet entry of August 21 constituted a final, appealable judgment. It is clear that the docket entry was not intended to operate as a determination of the parties' rights. Specifically, the docket entry directed counsel to "prepare a formal modified decree."

■ When a trial court orders a party to prepare a formal judgment which it later signs, it is evidence that the trial court did not intend the docket entry to constitute a final judgment. *See In re Marriage of McCoy*, 818 S.W.2d 322, 323–24 (Mo.App.S.D. 1991); *Grantham v. Shelter Mut. Ins. Co.*, 721 S.W.2d 242, 245 (Mo.App.W.D.1986).

Here, father filed his motion for a new trial on October 1, which was sustained on October 15. The October 15 docket sheet entry states, "Proposed decree not filed until 9/13/91. [Court] did not sign for a week.

Accordingly effective date of modified decree is determined to be 9/20/91." Further, in the amended modified decree the trial court found that it entered the first modified decree on September 20, 1991.

Also, the modified decree signed September 20, although dated "8/21/91," was not an appealable judgment until September 20. Thus, father's failure to file his notice of appeal by September 30 does not deprive this court of jurisdiction. Father timely filed his notice of appeal from the December 3 amended modified decree. Mother's challenge to our jurisdiction is denied.

One final comment. The challenge made here to our jurisdiction may be avoided if trial courts will do two things. First, at the conclusion of an evidentiary hearing, the trial court should either sign a decree or clearly express that a decree is not being granted that day. Second, if a decree is not signed at the conclusion of the evidentiary hearing, the decree should reflect that it is being granted on the day the judge signs it. Specifically, in the second situation, the decree should not be back-dated.

## II. Health Insurance Consideration

Father's sole point on appeal alleges that the trial "court erred in failing to credit the amount of the costs of court ordered health insurance against the child support figure because this action was mandatory in that ... [t]he child support figure was properly computed under Form 14 ... and [father] was ordered by the modified decree to furnish health insurance." We disagree.

■ The narrow issue before us is whether the trial court has discretion in crediting the amount of health or dental insurance premiums paid by father against his child support obligation.

In *Switzer v. Switzer*, 821 S.W.2d 125, 127 (Mo.App.E.D.1992), this court briefly discussed § 452.353.10,[1] (repealed by S.B. 253, First Regular Session 1993) which states, "The court shall consider the duty of the obligor to maintain dependent health and dental insurance coverage when determining the amount of child support to be paid by the

1. All statutory references are to RSMo Cum. Supp.1992 unless otherwise indicated.

obligor." We concluded that a "trial court has no discretion in this matter. Its actions are mandated" by § 452.353.10 (repealed 1993). *Id.* This conclusion was based on the statutory directive, "[t]he court *shall* consider the duty...." *Id.* (emphasis added).

*Switzer's* interpretation was cited and arguably expanded in *Mudd v. Mudd,* 859 S.W.2d 699, 702 (Mo.App.E.D.1993), and *Sprague–Cappel by Cappel v. Sprague,* 852 S.W.2d 361, 364–65 (Mo.App.E.D.1993).

Repealed § 452.353.10 clearly mandated that a trial court must consider the cost of maintaining health and dental insurance coverage when determining the amount of child support. However, the statute was silent as to the result of that consideration. Specifically, the statute did not mandate that a trial court reach a particular result.

Further, Form 14 [2] does not mandate a particular result. The Form 14 Presumed Child Support worksheet neither permits nor requires an entry concerning the cost of health and dental insurance coverage. Rather, the "Comments" to Form 14 state that this cost is "not included in calculation of the child support amount." In addition, Comment (A) states, "For each child support order, *consideration* should be given to provision of adequate health insurance coverage for the child. See section 452.353, RSMo." (emphasis added).

Examination of both the repealed statute and the Form 14 Comments makes clear that a trial court must consider the cost of health and dental insurance coverage when setting the amount of child support. However, neither mandate a particular result from that consideration.

As indicated, § 452.353 was repealed this year by the General Assembly. However, the General Assembly enacted a new section on this subject. Senate Bill 253, § 3, ¶ 6 states:

> The cost of health benefit plan employee contributions or premiums shall not be a direct offset to child support awards established pursuant to chapters 210, 211, 452 and 454, RSMo, but it shall be considered when determining the amount of child support to be paid by the obligor.

This new section does not change our holding. Rather, it lends support. Trial courts are mandated to consider the obligor's duty, but they have discretion in deciding the effect of that consideration. Language in *Switzer, Mudd,* and *Sprague* which may infer or suggest that repealed § 452.353.10 mandated a specific adjustment should no longer be followed. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.

---

2. Missouri Civil Procedure Form No. 14.