Carol and Mark **PAPARIC**,
Plaintiffs/Appellants,

v.

Charles E. **McKINNEY**,
Defendant/Respondent.

No. 64573.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 10, 1994.

Rehearing Denied June 15, 1994.

David L. Hoven, Thomas E. Marshall, Vincent, Hoven & Marshall, P.C., Union, for plaintiffs-appellants.

Timothy J. Gallagher, Amelung, Wulff & Willenbrock, St. Louis, for defendant-respondent.

Before CRANE, P.J., and KAROHL and CRAHAN, JJ.

PER CURIAM.

Plaintiffs appeal the trial court's entry of summary judgment in favor of defendant. We find the notice of appeal was not timely filed and dismiss the appeal.

The circuit court docket sheet in this case reveals the following:

1) On June 10, 1993, a handwritten docket entry showing "[defendant's] motion for summary judgment sustained," followed by a separate handwritten notation, "6/11 copies to Attorneys"; and, immediately following,

2) On July 26, 1993, a typewritten docket entry as follows: "Order Granting Defendants Motion for Summary Judgment so ordered: John C. Brackmann," which was followed by two handwritten entries, "cost to Petitioner" and "copies to Attys (2)."

The record contains a typed order signed by the court dated July 26, 1993 granting defendant's motion for summary judgment. On August 9, 1993 plaintiffs moved for reconsideration of, to vacate and reopen the judgment. The court denied this motion on August 23, 1993 and plaintiffs filed their notice of appeal on August 24, 1993.

■ Defendant argues that we do not have jurisdiction of this appeal because plaintiffs' August 24 notice of appeal was untimely. He asserts that the June 10, 1993 judgment in this case became final on July 12, 1993 under Rule 75.01, giving plaintiffs ten days from July 12 in which to timely file their notice of appeal under Rule 81.04(a). We agree.

The handwritten docket entry sustaining defendant's motion for summary judgment constituted the judgment in this case. *James v. Mullen*, 854 S.W.2d 577, 579 (Mo. App.1993). The entry of a judgment may be delayed if there is evidence that the trial court intends to delay the effect of its ruling pending the submission of a formal judgment prepared by one of the parties. *King v. King*, 865 S.W.2d 403, 404 (Mo.App.1993). In *King* the docket sheet entry stated, "The court indicates to counsel its findings and conclusions and direct[s] counsel for [father] to prepare a formal modified decree in con-

formity with said findings and conclusions." This was held to be evidence that the trial court did not consider the docket entry to be a final judgment. *Id.*

■ In this case there is no evidence *in the record* that the trial court intended to delay the effectiveness of its ruling before it became final on July 12, 1993. The trial court did not enter any other order prior to July 12, 1993 which would affect the finality of its judgment. Further, the parties did not file any motions before July 12, 1993. The July 26, 1993 order was entered after the judgment was final and the trial court lost jurisdiction and, accordingly, was a nullity. *In re Marriage of Grigery*, 818 S.W.2d 738, 740 (Mo.App.1991); *Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 579 n. 2 (Mo.App.1986).

The notice of appeal was required to be filed within ten days of July 12, 1993 in order to give this court appellate jurisdiction. Because the notice was not so filed and because no request was made for an order to file a late notice of appeal under Rule 81.07, this appeal must be dismissed. *Wooten v. Williams*, 827 S.W.2d 282, 283 (Mo.App. 1992).

Appeal dismissed.