In re the Marriage of Ina Christine
WAGNER, Petitioner–
Respondent,

v.

Robert Edwin WAGNER, Jr.,
Respondent–Appellant.

No. 64914.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 28, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 1995.

Application to Transfer Denied
June 20, 1995.

G. William Wynne, Hayes, Heisler, Mills and Wynne, Clayton, for appellant.

Corrine R. Coston, Mary Ann Weems, Law Offices of Mary Ann Weems, Clayton, for respondent.

KAROHL, Judge.

Robert Wagner, husband, appeals a decree of dissolution that terminated an eighteen-year marriage. One child was born of the marriage. Husband was ordered to pay $635.50 in child support, the child's medical, dental, psychological care and hospitalization expenses, and one-half of the cost of college education. The court awarded $300 in maintenance to Ina Wagner, wife. Husband presents four points on appeal. We affirm in part and remand for entry of a new judgment.

The parties were married on June 28, 1975. They have one daughter, who was fourteen at the time of trial. Husband has been an independent insurance agent since 1973. During the marriage, wife worked as a secretary and bookkeeper for husband's insurance business. Since 1991, she has done data entry for Smith–Kline Beecham Clinical Lab.

In his first point, husband presents two subpoints. He contests the amounts of both the child support and maintenance awards. He argues the court's finding as to his monthly income was erroneous.

We will not disturb the trial court's order unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In making child support and maintenance determinations, the trial court may properly consider both past and present earnings. In certain circumstances, the court may impute an income to a spouse according to what he could earn by use of his best efforts to gain employment suitable to his capabilities. *Henderson v. Henderson*, 822 S.W.2d 474, 476 (Mo.App.1991). This rule is specifically applicable to a spouse who voluntarily reduces his income. The trial court makes the evaluation of credibility. *Id.*

The trial court adopted wife's proposal for child support based on her Form 14 submitted pursuant to Rule 88.01. She listed husband's monthly gross income as $6,000 and her own monthly gross income as $1,000. The trial court increased wife's monthly gross income to $1,300 to reflect the $300 maintenance award. Based on a monthly gross income total of $7,300, the trial court applied the Schedule of Basic Child Support Obligations. It ordered wife to pay $139.50 and husband to pay $635.50. The correct allocation would be based on total income of $7,000 not $7,300 because the maintenance is not a part of the amount. On remand the court should calculate the amounts and enter a modified judgment. No additional changes are required.

Husband testified his monthly gross income was $2,200, which is $26,400 a year. Wife's expert witness, Lawrence E. Brown, a

certified public accountant, testified that the gross income of husband's business in both 1988 and 1989 was approximately $90,000 and expenses were $30,000. Husband testified his gross income for 1991 was approximately $57,000. Brown also testified husband's gross receipts for 1992 and 1993 were $46,000 and $43,000, respectively. On husband's behalf, John Flanigan, an insurance agent, testified there had been a decline in husband's business since 1988 or 1989, but that the decline was not husband's fault.

The trial court was free to discount Flanigan's explanations for the reduction in husband's business and resulting income. The court could attribute to husband an income based on his previous earning history. There was evidence of less earnings, but no evidence this was a permanent or irreversible condition. The court may properly consider both past and present earnings. We find no error.

■ Husband also contests the amount of the maintenance award. The trial court has broad discretion in awarding spousal maintenance. *Mika v. Mika,* 728 S.W.2d 280, 284 (Mo.App.1987). The amount of maintenance is based on need and ability to pay. Section 452.335 RSMo Cum.Supp.1993. The trial court awarded wife maintenance of $300 a month. This amount was supported by the evidence, and, thus, was within the trial court's discretion.

■ Wife testified her income was $12,000 a year, while her expenses were $5,513 a month. This amount included a $1,033 monthly mortgage payment on the Parker Road residence, in which wife and daughter were living at the time of trial. Wife has limited work experience. She did not work for wages outside the family during the marriage. Her skills are basically secretarial. The evidence supports a finding she is unable to support herself and her daughter through appropriate employment. Section 452.335.1(2) RSMo Cum.Supp.1993. Husband has been an insurance agent for 20 years. His earning capacity is significantly greater than wife's. Section 452.335.2(3) RSMo Cum.Supp.1993. In addition, a high standard of living was established during the marriage, which lasted eighteen years. Sec-

tion 452.335.2(4) and (6) RSMo Cum.Supp. 1993. Finally, wife testified she was not in good physical or emotional health. Section 452.335.2(7) RSMo Cum.Supp.1993. She takes medication for a heart condition and high blood pressure. She was in a car accident in 1989 and sustained a back injury that limits some of her activities. At the time of trial, she was taking an antianxiety drug. In light of the foregoing statutory factors, the trial court did not abuse its discretion in awarding wife $300 a month maintenance.

In his second point, husband contends the trial court abused its discretion in the division of the marital property because the division was against the weight of the evidence. We disagree.

■ The court awarded wife the Parker Road residence, the Van Crest residence, and household furnishings at these residences, four bank accounts, a 1985 Buick, and three horses. Using wife's figures, the value of the real property totals $252,000. Using husband's figures, the total is $264,800. Wife valued the four bank accounts at $2,565. She valued the three horses at $2,400, while husband listed the value of four horses at $10,000.

The court awarded husband a condominium, all interest in his insurance business, two debts owed to the parties, a 1979 Cadillac, a 1984 Buick LeSabre, a 1977 Dodge van, a 1981 Cadillac, an American Church Trust Bond, a 1970 Honda motor bike, a 1971 Honda motor bike, and a 1988 flat trailer. Both husband and wife valued the condominium at $41,400. Wife's expert valued husband's insurance business between $43,000 and $46,000. Husband listed one of the debts owed to him as $500 a month for 27 years, which totals $162,000. He valued the four cars he was awarded at a total of $14,500, while wife valued them at $4,700.

Equal division of property is not required by statute. *Mika v. Mika,* 728 S.W.2d 280, 283 (Mo.App.1987); § 452.330 RSMo Cum. Supp.1993.

Here, the property division is supported by statutorily approved factors. The economic circumstances of the parties support the divi-

sion of the property. Section 452.330.1(1) RSMo Cum.Supp.1993. Economic circumstances include each party's individual capacity to work and earn. *Id.* Wife testified husband did not want her to work outside the home during the marriage. After they separated, wife took a 72–hour course in data entry and a 12–hour course in computer operations. Her job skills are basically secretarial. She testified her yearly income was $12,000. Husband has been an insurance agent for 20 years. The court awarded him all interest in his insurance agency. He testified his yearly income was $26,400. However, he testified his income for 1991 was approximately $57,000. In addition, his gross receipts for 1992 were $46,000. Husband's ability to earn is significantly greater than wife's.

It is also proper for the court to examine the need or desirability of awarding the family home to the spouse having custody of the children. Section 452.330.1(1) RSMo Cum. Supp.1993. Wife, having custody of their daughter, was awarded the marital home. She testified it was important for her to have the marital home so her daughter could finish her schooling in the same school district in which she has gone since kindergarten. The award of the home to the custodial parent simply reflects an appropriate reluctance to uproot the custodial parent and child by requiring its sale. *Id.* at 284. Husband was also awarded a residence, the parties' condominium. In light of the foregoing, we find no abuse of discretion in the division of the marital property.

In his third point, husband contends the trial court's orders to pay for his daughter's medical care and post-secondary education were defective. Husband relies on *Switzer v. Switzer,* 821 S.W.2d 125 (Mo.App.1992) for the proposition that § 452.353 (repealed in 1993) mandates the trial court to deduct the cost of medical insurance and health care coverage from child support to be paid pursuant to Rule 88.01 and Form 14.

■ This court discussed the application of former § 452.353 in *King v. King,* 865 S.W.2d 403 (Mo.App.E.D.1993). The issue in *King* was whether the trial court has discretion in crediting the amount of health or

dental insurance premiums paid by father against his child support obligation. The court held the repealed statute and Form 14 Comments make clear that a trial court must consider the cost of health and dental insurance coverage when setting the amount of child support. However, neither mandate a particular result from that consideration. *Id.* at 405. The court also held that language in *Switzer* which may infer or suggest that repealed § 452.353 mandated a specific adjustment should no longer be followed. *Id.* We followed *King* in *Hoffman v. Hoffman,* 870 S.W.2d 480 (Mo.App.E.D.1994).

In light of *King* and *Hoffman,* husband's reliance on *Switzer* is misplaced. After considering husband's duty to pay for health care coverage, the trial court had discretion in deciding the effect of that consideration. *King,* 865 S.W.2d at 405. Here, the trial court determined husband's duty to pay health care coverage had no effect on his child support obligation. We find no error.

■ Husband also argues the court erred in ordering him to pay one-half his daughter's post-secondary educational expenses because she is not college-age yet, and there is no evidence of her college plans or lack thereof. Husband's argument is the provision is defective because it is wholly prospective. He does not argue it is unenforceable because of vagueness. Section E of the Comments for Use of Form 14 states that the court can order post-secondary educational expenses "if it is determined by the parents or the court to be appropriate for the parents to contribute to the costs of such programs." The trial court ordered husband to pay one-half the cost of his daughter's post-secondary educational expenses subject to limitations. Paragraph 10 of Exhibit C, which is incorporated into and made part of the decree of dissolution, fixes husband's maximum obligation at one-half the cost for tuition, fees, books and dormitory costs for room and board at the University of Missouri at Columbia for a maximum of eight semesters. Husband was not ordered to pre-pay for these expenses. At the time of trial, the parties' daughter was fourteen. Thus, no post-secondary educational expenses have been incurred. Husband is not obligated for college expenses at this time. If his daugh-

ter does not choose to attend college, husband will never become obligated under this part of the decree. The expenses husband complains of may never come to fruition. We find no error in the trial court's determination of equal obligation by father and mother on the grounds claimed as error.

■ In his final point, husband contends the trial court's limitation on his right to present witnesses and evidence was arbitrary, capricious and an abuse of discretion.

Husband's claim of error fails for two reasons. First, he affirmatively closed his case without preserving this error. After three of his witnesses testified, he stated there would be no more testimony. Second, he made no offer of proof. He did not tender identified and available witnesses whose testimony he contends was excluded, what their testimony would have been, and the relevance of that testimony. Point denied.

The judgment is affirmed in part. We remand for the limited purpose of entry of an amended judgment on the allocation of child support.

AHRENS, P.J., and SIMON, J., concur.