

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN THE MATTER OF: G.K.S., a Minor,   )
by her Next Friend, KATI JO SPENCER,   )
and KATI JO SPENCER, Individually,   )
  )
                Respondent,   )  **WD76982**
  )
v.   )  **OPINION FILED:**
  )  **December 30, 2014**
  )
JASON LEE STAGGS,   )
  )
                Appellant.   )

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable James F. Kanatzar, Judge**

**Before Division II:** Joseph M. Ellis, Presiding Judge, and
Victor C. Howard and Mark D. Pfeiffer, Judges

Jason Lee Staggs ("Father") appeals from the judgment of the Circuit Court of Jackson County, Family Court Division ("trial court"), in this paternity action initiated by Kati Jo Spencer ("Mother"). Father asserts that the trial court erred in failing to award him deposition costs and attorney fees in the judgment. Father also appeals from an order of the trial court denying his motion for an order *nunc pro tunc* and motion to reconsider. We affirm.

## Factual and Procedural Background[1]

Mother filed a petition for declaration of paternity and order of child custody and child support under Missouri's Uniform Parentage Act. Father answered and cross-petitioned for determination of a father/child relationship and for an award of custody and child support.

On March 30, 2012, the parties appeared before the trial court for a temporary custody hearing. They informed the trial court that they had reached an agreement regarding temporary custody, and they made a record of that agreement. Father agreed to pay temporary child support to Mother in the amount of $500 per month. The trial court adopted and incorporated into the case the temporary custody order that was agreed to by the parties.

On July 13, 2012, Father took Mother's deposition. Two weeks later, Father filed a motion to compel and to sanction Mother for her allegedly evasive deposition answers. The trial court took the motion under advisement.

On August 6, 2012, Father filed a motion to modify the March 30 temporary order regarding parenting time, daycare provider, and child support. The trial court held a hearing on August 27, 2012, and thereafter entered a temporary award titled "Judgment of Paternity and Order of Temporary Parenting Time" on September 4, 2012. Among the temporary orders were a declaration that Father was the minor child's natural father and an order that Father continue to pay $500 per month child support to Mother.

On March 15, 2013, Father filed a motion for an order *nunc pro tunc* or, in the alternative, a motion to modify the September 4, 2012 order of temporary parenting time with respect to child support. By Order dated June 4, 2013, the trial court denied Father's motion.

---

[1] We view the facts in the light most favorable to the judgment of the trial court. *Hall v. Utley*, 443 S.W.3d 696, 699 n.1 (Mo. App. W.D. 2014).

Father filed a motion for reconsideration of the denial of his motion for order *nunc pro tunc* on June 22, 2013, which the trial court denied.

Father deposed Mother again on July 30, 2013.

The trial court conducted a bench trial and entered its final Judgment of Paternity, Child Custody, Parenting Time, and Child Support on September 16, 2013. Father timely appealed from the judgment. In pertinent part, the trial court's judgment stated:

> The parties do not share a commonality of beliefs, are unable to agree on decision-making rights, responsibilities and authority relating to the health, education and welfare of the minor child, and they are unable to cooperate and function as a parental unit. Joint legal custody of the minor child would be unworkable, inappropriate and not in the best interests of the minor child.
>
> After considering all relevant factors set forth in § 452.375.2 RSMo., the Court finds the best interests of the minor child would be served by awarding sole legal custody of the minor child to [Father], joint physical custody to [Mother and Father], and designating [Father's] address as the address of the minor child for mailing and educational purposes.
>
> . . . .
>
> [E]ach of the parties shall pay his or her own attorney fees and costs in regard to this action.

## Point I

In Point I, Father asserts that the trial court erred in failing to award him deposition costs. Father contends that he requested recovery of those costs as the prevailing party on the issue of child custody, that the trial court possessed no discretion but to award him those costs under sections 492.590.1 and 514.060, and the trial court failed to do so. We disagree.

## Standard of Review

"Under the Uniform Parentage Act, the trial court has discretion in its award of costs," particularly where one party "[does] not have sufficient money, assets, or property to pay attorney's fees and costs." *Sprague-Cappel ex rel. Cappel v. Sprague*, 852 S.W.2d 361, 365

3

(Mo. App. E.D. 1993), *abrogated on other grounds by King v. King*, 865 S.W.2d 403 (Mo. App. E.D. 1993). "The award of costs is a matter within the circuit court's sound discretion, and we will not disturb the award absent a showing of an abuse of discretion." *Sasnett v. Jons*, 400 S.W.3d 429, 441 (Mo. App. W.D. 2013) (affirming trial court's denial of motion for costs). A trial court abuses its discretion when its decision is against the logic of the circumstances and is so arbitrary and unreasonable that it shocks one's sense of justice. *Id.*

**Analysis**

In its final judgment, the trial court ordered "that each of the parties shall pay his or her own attorney fees and costs in regard to this action." "The concept of 'costs' was created by statute, and not common law[;] [t]herefore, courts may only award those costs which may be granted by virtue of express statutory authority." *Multidata Sys. Int'l Corp. v. Zhu*, 107 S.W.3d 334, 337 (Mo. App. E.D. 2003) (internal quotations omitted).

In his first point, Father relies on two statutory authorities to support his argument that the trial court erred in failing to award him deposition costs as the prevailing party. First, Father relies on section 514.060, which provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, *except in those cases in which a different provision is made by law*." (Emphasis added.)[2] Second, Father relies on section 492.590.1, which provides authority for the taxing of deposition expenses as costs. However, by its express terms, the general statute covering the subject of costs, § 514.060, does not apply when a "different provision is made by law." Such is the case in this paternity action.

This paternity case was brought under Missouri's Uniform Parentage Act. Under that Act, the trial court possesses *discretion* in its award of costs: "[T]he court *may* enter judgment in

---

[2] Rule 77.01, which is derived from section 514.060, provides that "[i]n civil actions, the party prevailing shall recover his costs against the other party, unless otherwise provided in these rules or by law."

4

the amount of the reasonable fees for counsel, experts, the child's guardian ad litem *and other costs of the action and pretrial proceedings*, including blood tests, to be paid by the parties in such proportions and at such times as determined by the court[.]" § 210.842 (emphasis added). *See Sprague*, 852 S.W.2d at 365.

In his appellate brief, Father itemizes all of what he perceives to be Mother's transgressions in the litigation and rearing of the minor child. What Father ignores is that the trial court concluded in its judgment that *neither* parent "cooperate[d] and function[ed] as a parental unit" and that neither parent was willing to budge on their respective positions as to "decision-making rights, responsibilities and authority relating to the health, education and welfare of the minor child." As is often the case in custodial disputes, *both* of the parents acted immaturely and neither chose to humbly place the needs of the minor child before his or her own selfish desires. These findings by the trial court are not challenged on appeal by either party.

To be sure, however, the trial court found Mother's past and present behavior worse than Father's, awarded sole legal custody to Father, and designated Father's address as the address of the minor child for mailing and educational purposes. Yet, though Father worked full time and earned in excess of $81,000 per year while Mother was impoverished,[3] Father demands that the trial court had no choice but to squeeze blood out of Mother's proverbial turnip.

On the record before us, the similarity in uncooperative behavior between the parties and the disparity in income is clear. "Further, the trial court sits in a superior position to assess the credibility of the parties and the sincerity of a party's position, which often is not fully discernable from the record." *Prosser v. Rethorn*, 928 S.W.2d 364, 365 (Mo. App. W.D. 1996).

---

[3] Mother's income—$180 every two weeks—did not meet her monthly expenses. Mother additionally owed $15,000 on her motor vehicle; had $900 in the bank; had $400 in personal household goods to her name; had over $5,500 in credit card debt; and had $6,000 in student loan debt. In its judgment, noting Mother's poverty, no child support was awarded to Father—a finding that Father does not appeal.

5

And without a doubt, Mother did not have sufficient money, assets, or property to pay costs. *See Sprague*, 852 S.W.2d at 365. Under the circumstances presented on the record before us, we discern no abuse of discretion by the trial court in refusing Father's request to assess costs to Mother.

Point I is denied.

## Point II

In his second point, Father asserts that the trial court erred in failing to impose monetary sanctions against Mother pursuant to Rule 61.01. Specifically, he argues the trial court erred in failing to award him deposition costs and attorney fees incurred relating to Mother's deposition.

### Standard of Review

"Discovery sanctions under Rule 61.01 are reviewed for abuse of discretion." *Stidham v. Stidham*, 136 S.W.3d 74, 83 (Mo. App. W.D. 2004). "[W]e will reverse only upon a showing that the trial court abused its discretion." *Harrington v. Harrington*, 153 S.W.3d 315, 318 (Mo. App. W.D. 2005). "To constitute an abuse of discretion, the trial court's action must be clearly against the logic of the circumstances before the court and be so arbitrary and unreasonable to shock the sense of justice and reveal a lack of careful consideration." *Id.*

### Analysis

Father deposed Mother on July 13, 2012. Because Father considered Mother's answers evasive,[4] on July 27, 2012, he moved for an order to compel her to produce documents, for sanctions, and to preclude her from eliciting testimony or evidence from the minor child's daycare provider. Specifically, he requested that Mother "be required to pay all costs of a rescheduled deposition necessitated by her conduct, including [Father's] and Guardian Ad

---

[4] Mother stated "I'm not sure" in response to many questions at the deposition. Though the equivocal response may have made sense in response to some of the questions, it does not appear to have been candid in response to many of the questions.

6

Litem's reasonable attorney fees in preparation for the taking of [Mother's] deposition[.]" Father also requested that the trial court require Mother to post a $3,000 bond as security for the costs of re-taking her deposition and for attorney fees. The trial court held a hearing on August 27, 2012, permitted Father to re-take Mother's deposition, and announced that it would take the requested monetary sanctions with the case to be taken up at trial. After trial, the trial court stated, "I'm not going to order costs for depositions" and the judgment reflects the same.

Rule 61.01(g) authorizes the imposition of sanctions if a witness fails to answer questions on deposition:

> If a witness fails or refuses to testify in response to questions propounded on deposition, the proponent of the question may move for an order compelling an answer. The proponent of the question may complete or adjourn the deposition examination before applying for an order. In ruling upon the motion, the court may make such protective order as it would have been empowered to make on a motion pursuant to Rule 56.01(c).

> If the motion is granted, the court, after opportunity for hearing, shall require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless the court finds* that the opposition to the motion was substantially justified or *that other circumstances make an award of expenses unjust.*

> If the motion is denied, the court, after opportunity for hearing, shall require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, *unless the court finds* that the making of the motion was substantially justified or *that other circumstances make an award of expenses unjust.*

> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

> If the motion is granted and if the persons ordered to respond fail to comply with the court's order, the court, upon motion and reasonable notice to the other parties and all persons affected thereby, may make such orders in regard to the failure as are just, and among others, it may take any action authorized under Rule 61.01(d).

7

(Emphasis added.) The rule specifically provides that if the trial court finds that "circumstances make an award of expenses unjust," the trial court is not required to order the party deponent to pay the reasonable expenses of the party moving for such sanction. As we observed in our analysis of Father's first point, the record reflects that both parties were "uncooperative" with each other during the course of this litigation and there was evidence of a significant disparity in the parties' incomes.

Additionally, as we previously noted, under the Uniform Parentage Act, the trial court has discretion in its award of costs. § 210.842. "[T]he trial court is vested with broad discretion in its award of attorney's fees, and we will not disturb that award absent an abuse of discretion." *Scobee ex rel. Roberts v. Scobee*, 360 S.W.3d 336, 346 (Mo. App. W.D. 2012) (internal quotation omitted). A trial court must consider each party's financial position as well as the merits of the case and the actions of each party during the pendency of the action. *Id.* An award of attorney's fees is discretionary, and "[t]he trial court's decision as to a request for award of attorney's fees is presumptively correct." *Id.* at 347 (internal quotation omitted).

We find no abuse of discretion in the trial court's refusal to award Father the sanctions he requested.

Point II is denied.

## Point III

In Father's third point, he asserts that the trial court erred in entering its June 4, 2013 Order denying his motion for order *nunc pro tunc* and motion to reconsider the trial court's temporary award dated September 4, 2012 and titled, "Judgment of Paternity and Order of Temporary Parenting Time." Father argues that the September 4, 2012 temporary award ordering that Father continue to pay $500 per month in child support should be corrected because

8

the trial court did not order temporary child support in its oral pronouncement at the hearing discussing the temporary award.

## Jurisdiction

"A reviewing court has a duty to determine its jurisdiction sua sponte." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). "The right of appeal in Missouri is purely statutory, and, in the absence of specific statutory authority, no appeal will lie from a ruling that does not constitute a final disposition of the case." *Cowger v. Livingston*, 182 S.W.3d 783, 786 (Mo. App. W.D. 2006).

Rule 74.01(a) provides that:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case.

Under this rule, a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment" and (4) filed.

The June 4, 2013 order denying Staggs's motion for judgment *nunc pro tunc* is not denominated either a "judgment" or a "decree." Furthermore, it does not purport to resolve all the issues in the case, nor does Father assert that it does. "Thus, the Order does not constitute a final 'judgment' for purposes of appeal." *Basta v. Kansas City Power & Light Co.*, 410 S.W.3d 743, 746 (Mo. App. W.D. 2013).

The trial court's September 4, 2012 temporary award is likewise not subject to appellate review. Though the trial court denominated its temporary award ruling on Father's motion to modify a "Judgment and Order," "[i]t is the content, substance, and effect of the order that determines finality and appealability." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc

9

1997).  The "content, substance, and effect" of the trial court's order belies the conclusion that it was a final judgment.  *See In re Care & Treatment of Bowles v. State*, 83 S.W.3d 93, 95 (Mo. App. W.D. 2002).  The trial court's order specifically stated that "this Court makes the following Temporary Orders."  Those temporary orders included a declaration that Father is the natural and biological father of the minor child and that he will continue to pay $500 per month child support on behalf of the minor child.  "Temporary orders, which by their nature expire and are superseded by a subsequent judgment on the merits, generally are not subject to review, either by interlocutory appeal or couched in an appeal of the final judgment . . . ."  *Erickson v. Erickson (In re Marriage of Erickson)*, 419 S.W.3d 836, 847 (Mo. App. S.D. 2013) (internal quotation omitted) (citing *Saeuberlich v. Saeuberlich*, 782 S.W.2d 78, 81 (Mo. App. E.D. 1989) (temporary order pending final judgment is not appealable)).  Because the September 2012 order was a temporary order pending a final judgment, it is not an order that is separately subject to appeal.  Only the terms of the trial court's final judgment are subject to appeal.[5]

Point III is dismissed.

---

[5] Furthermore, even if the trial court's order had been appealable, the rule in criminal cases that the "oral pronouncement prevails" over the written judgment if there is material conflict in the two prison sentences does not apply in civil matters.  *Saunders v. Bowersox*, 179 S.W.3d 288, 294 (Mo. App. S.D. 2005).  "Courts typically disregard a trial court's oral statements made in ruling on an issue because such statements are not part of the trial court's order or judgment."  *Id.*  "The court may consider such comments so long as they do not oppose, dispute, or impeach the judgment and are not used as a substitute for the judgment."  *Id.* (internal quotation omitted).  "[W]here the language of the judgment is plain and unambiguous, we do not look outside the four corners of the judgment for its interpretation."  *Id.* (internal quotation omitted).  In effect, Father asks this court to create an ambiguity by looking beyond the four corners of the documents.  This we will not do.  We also gratuitously note that there was testimony in the record that the guardian *ad litem* confirmed with the trial court that the order (which the GAL was instructed to prepare) should include $500 per month child support.  There is nothing in the record to indicate that the trial court did *not* intend to order temporary child support or that inclusion of the temporary child support amount in the September 4, 2012 order was a clerical error.

## Conclusion

The trial court's judgment is affirmed.

_Mark D. Pfeiffer_
Mark D. Pfeiffer, Judge

Joseph M. Ellis, Presiding Judge, and
Victor C. Howard, Judge, concur.

11