**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**Carl J. CARLIE et al., on exceptions of Edmund J. and Florence Schaefer, Defendants-Respondents, and Edwin L. Bauman, Appellant.**

**No. 34307.**

Missouri Court of Appeals, St. Louis District, Division No. One.

Sept. 26, 1972.

Robert L. Hyder, Chief Counsel, Jefferson City, Robert W. Miller, Asst. Counsel, State Highway Commission, Kirkwood, for plaintiff-respondent.

Walter S. Berkman, Clayton, Herman M. Katcher, St. Louis, for defendants-respondents.

Charles A. Weber, Ste. Genevieve, Dearing, Richeson, Roberts & Wegmann, by Nicholas G. Gasaway and John A. Schneider, Hillsboro, for defendant-appellant.

CLEMENS, Judge.

This case concerns the respective rights of respondents Schaefer and appellant Bauman in a condemnation award. Edmund J. and Florence Schaefer owned the condemned land; Edwin L. Bauman was a tenant, or licensee, to whom the Schaefers had orally given permission to remove gravel from their land.

Bauman bases his claim to a share of the award on § 444.020, V.A.M.S.,[1] which provides that when a land owner permits a person to enter and dig for "lead, ore or other minerals"[2] and such person does so in good faith, he shall have an exclusive three-year right to continue work, with a right-of-way over the land for the "purpose of such mining." The Schaefers contend Bauman was not "mining minerals" and was a mere licensee with no compensable interest in their land. We do not reach those issues, concluding we are without appellate jurisdiction because Bauman failed to file a timely notice of appeal.

Plaintiff Highway Commission filed its petition against "Parcel 43" naming the Schaefers, Bauman and others as persons claiming an interest in the land. The commissioners filed their report assessing damages at $45,675 and the Schaefers, Bauman and the Highway Department each filed exceptions.

The issues between the Schaefers and Bauman came to a head by their cross motions for determination of their respective shares in the award. On December 1, 1969 the Schaefers filed a motion for full payment of the award, alleging they had rented a gravel pit to Bauman on a month-to-month basis and he had no interest in the real estate or the award. They prayed the court to so decree and order the full award paid to them, the Schaefers. To this Bauman filed an "answer" stating he owned a mining interest in the land under § 444.020, supra, and that he had a substantial interest in the award. He prayed the court to "determine the rights of the respective parties in and to the proceeds of the condemnation of the said tract; that the Court determine the rights of Edwin L. Bauman in and to said proceeds; and that the Court award this defendant a sufficient amount out of the proceeds of said condemnation

---

1. Section numbers refer to RSMo., 1969, V.A.M.S., and Rule numbers refer to Rules of Civil Procedure, V.A.M.R.

2. Under the rule of *ejusdem generis* this would be construed as "lead, ore or other *such* minerals." State v. Getty, Mo., 273 S.W.2d 170 [7, 8]; State v. Lawson, 352 Mo. 1168, 181 S.W.2d 508 [7].

to compensate him justly for the taking thereof."

The issues were then before the court for determination in accordance with § 523.053: "1. Within thirty days after the commissioners' award has been paid to the clerk of the court . . . any defendant claiming such an interest may by motion for distribution petition the court in which said cause is pending for a determination of the percentage . . . to which each of said parties is entitled . . .

"2. Within thirty days after the filing of such motion, the court having jurisdiction of said cause shall determine the percentage of the award to which each party having an interest therein is entitled. Any party aggrieved of the determination of interest made by the court shall have the right of appeal therefrom, *and the same shall be considered as a final judgment for such purposes.* (Our emphasis.)

"3. The respective interests . . . shall be final and shall extend by percentage to any additional compensation awarded . . ."

On January 6, 1970 the court ruled: "Now at this day the court orders payment of awards herein as to Parcel #43 to Edmund Schaefer, Florence Schaefer and Herman Katcher, attorney for Edmund Schaefer and Florence Schaefer." No after-trial motion or notice of appeal was filed by Bauman and on January 20, 1970 the full award was paid to the Schaefers.

■ ■ The trial court's determination under § 523.053 that the Schaefers alone were entitled to the award was a final judgment for the purpose of appeal. Section 512.050 and Rule 81.04 require an aggrieved party to file a notice of appeal within ten days after a judgment becomes final. The right of appeal is purely statutory and timely filing of a notice of appeal is a "vital step for perfecting an appeal and is an essential prerequisite to appellate jurisdiction." Heard v. Frye's Estate, Mo.App., 319 S.W.2d 685[3, 4]. Failure to

file a timely notice of appeal requires dismissal of an abortive appeal. Dombroski v. Cox, Mo.App., 431 S.W.2d 680[1]. Bauman's purported notice of appeal was untimely and hence a nullity; it conferred no appellate jurisdiction on this court.

To respond to Bauman's brief opposing dismissal of his appeal we relate further steps taken in the trial court. Although the court had previously ruled the entire award belonged to the Schaefers, Bauman's original exceptions were still in the court's file. For reasons not apparent to us the Highway Department was reluctant to settle with the Schaefers while Bauman's exceptions were still on file. The Schaefers filed a motion to dismiss Bauman as a party defendant on the ground the court had previously determined he had no interest in the award. The trial court sustained this motion on July 6, 1971. On July 17 Bauman filed a notice of appeal "from the judgment sustaining motion to dismiss Bauman as a party defendant and denying distribution to him of the proceeds of condemnation, entered in this action on the 6th day of July, 1971." Note this two-tiered challenge: from the January 6, 1970 denial of distribution to Bauman, and from the July 6, 1971 order dismissing Bauman as a party defendant. We consider these in that order.

Bauman contends the January 6, 1970 order awarding the entire proceeds to the Schaefers was not a final judgment because it did not "determine the percentage of the award to which each party having an interest in therein is entitled." This is a hollow argument. The Schaefers' motion was for all of the award; Bauman's motion was for a portion of it. By determining that the Schaefers were entitled to the entire award the court denied Bauman's claim to any portion thereof.

■ Bauman further contends the January 6, 1970 proceeding "did not rise to the status of a § 523.023 [523.053](2) hearing" because no evidence was heard, citing State ex rel. State Highway Commission v. De-

marco, Mo.App., 445 S.W.2d 379. Here, neither side offered evidence and the issues before the court were questions of law—whether Bauman was "mining minerals" and, if so, whether that gave him a compensable interest in the Schaefers' land. We hold the January 6, 1970 order was a proper procedural determination of adverse interests as called for by § 523.053.

The second challenge is that the court erred in its June 6, 1971 order dismissing Bauman's exceptions to the commissioners' award. The court had previously, on January 6, 1970 determined Bauman had no interest in the award and the judgment had become final. Since there had been a final judicial determination Bauman had no interest in the award his exceptions thereto had become lifeless. Dismissing them was merely an act of judicial housecleaning that did not prejudice Bauman.

Appeal dismissed.

BRADY, C. J., and SMITH, J., concur.

