In re the MARRIAGE OF Ricky
M. DAVIS, Respondent,

and

Linda Jean Davis, Appellant.

No. WD 44493.

Missouri Court of Appeals,
Western District.

Dec. 31, 1991.

John K. Allinder, Independence, for appellant.

Janet L. Sanders, Grandview, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

KENNEDY, Judge.

This is wife's appeal from economic provisions of dissolution of marriage decree.

Husband and wife were married February 12, 1976, and separated January 20, 1990. Wife suffers from manic-depressive mental disorder and narcissistic personality disorder, which was described by a psychiatrist witness as severe. Her ability to get and hold any kind of employment is doubtful. Her condition is not likely to improve. She has not been employed since 1983. Before that time, she worked at menial jobs.

Husband is employed by Kansas City Southern Industries and earns $42,000 per year.

Husband and wife lived in Kansas City and husband has continued to live there since the separation. Wife has moved to Springfield, Missouri, and is living with her father and stepmother.

Wife complains of the unequal distribution of marital property. Husband received the following property, valued at $34,277:

| | |
|---|---|
| One-half KCSI Profit Sharing | $ 7,648.50 |
| One-half KCSI ESOP | 7,112.50 |
| KCSI Stock Options | 250.00 |
| Real Estate | 49,000.00 |
| Mortgage | <38,500.00> |
| '77 Chevrolet Corvette | 6,500.00 |
| '83 Toyota Starlet | 500.00 |
| Life Insurance Policy | 966.00 |
| Furniture | 750.00 |

Wife received the following property, valued at $21,498.00:

| | |
|---|---|
| One-half KCSI Profit Sharing | $ 7,648.50 |
| One-half KCSI ESOP | 7,112.50 |
| Fidelity Inv. IRA | 4,197.00 |
| Two 20th Century IRAs | 307.00 |
| Furniture | 2,233.00 |

Husband, however, was ordered to pay credit card accounts of $6,500, reducing the husband's net award to $27,727. The discrepancy between the husband's and wife's awards was therefore not large. The trial court was well within his discretion in dividing the marital property as he did, and we would not interfere with the division on appeal.

■ Wife says the maintenance award of $400 per month is inadequate, but we hold the amount awarded to be within the discretion allowed the trial court. In addition to permanent maintenance of $400 per month, husband was ordered to furnish medical insurance for three years, at an approximate monthly cost of $183. Wife needs $1,383 per month for her reasonable needs, including $173 for a health insurance premium. Husband's monthly expenses for his own maintenance total $1,827, which includes $200 per month payment on debts, presumably the credit card accounts mentioned above. From his $42,000 annual earnings he has take-home pay of $2,100 per month. It is not required that maintenance be in a sufficient amount to satisfy all the wife's needs. *Hoffman v. Hoffman*, 676 S.W.2d 817, 828 (Mo. banc 1984); *Bidstrup v. Bidstrup*, 750 S.W.2d 712, 713 (Mo.App.1988).

The evidence contains some mention of the possible availability of social security disability benefits for wife, but wife has never made application for such benefits.

■ Temporary maintenance should be awarded retroactive to May 10, 1990, the date of wife's filing her motion for temporary maintenance. *Roedel v. Roedel*, 788 S.W.2d 788 (Mo.App.1990). Contrary to respondent's contention wife should not be held to have forfeited or waived temporary maintenance because of her failure to demand and have an evidentiary hearing on the motion. Economy is served by a single trial disposing of all issues, so a party should not be penalized for his or her election to forego an additional hearing on pendente lite motions. The denial of retroactive maintenance in the circumstances of this case was an abuse of discretion.

■ Wife complains of the termination of medical insurance at the end of three years, but we find no error in this termination provision. The three years cut-off appears to be suggested by the fact that husband may maintain wife's coverage for that length of time under the provisions of the federal law known as COBRA. Wife at the end of three years may seek increased maintenance for medical insurance if the facts at that time would otherwise justify the increase.

■ Wife complains of the denial of award of $7,200.98 attorney's fees, and the allowance of a reduced amount of $4,500. The allowance of attorney's fees, and the amount thereof, is largely within the trial court's discretion. *Mills v. Mills*, 663 S.W.2d 369 (Mo.App.1983). We find no abuse of discretion in the trial court's disallowance of $2,700.98 of the attorney's fee requested by wife.

Judgment reversed and cause remanded for entry of new judgment in accordance with foregoing opinion. The judgment should provide temporary maintenance payable to wife from May 10, 1990, to date of dissolution at the rate of $400 per month.