Dixie Jacques ROGIERS and Elaine McVay, Appellants,

v.

BOATMEN'S TRUST COMPANY, et al., Respondents.

Nos. 67767, 67823.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 27, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1996.

John L. Sullivan, Lawrence S. Denk, St. Louis, for appellants.

David S. Slavkin, St. Louis, William Sitzer, St. Louis, for respondents.

CRAHAN, Presiding Judge.

Surviving beneficiaries of a residual trust ("Plaintiffs") filed suit against the successor trustee, Boatmen's Trust Company, other collateral beneficiaries, and the charitable beneficiary of a living trust, The Salvation Army. Plaintiffs appeal certain adverse portions of the trial court's judgment. The Salvation Army cross-appeals. We find that neither Plaintiffs' notice of appeal nor The Salvation Army's cross-appeal was timely filed and dismiss both appeals.

This matter was tried in the circuit court without a jury. An order and judgment disposing of all issues was entered November 30, 1994. Plaintiffs subsequently filed three documents with the trial court: (a) a Petition for Declaratory Judgment, (b) a Petition for Attorney's Fees and Expenses, and (c) an Application Pursuant to Rule 75.01 for Modification of Judgment. A hearing on Plaintiffs' post-trial submissions was held on January 27, 1995. On January 31, 1995, the circuit court ruled that it lacked jurisdiction to adjudicate Plaintiffs' post-trial submissions because they were not filed within 30 days of the judgment. The court noted the court's original copies of Plaintiffs' post-trial motions bore the clerk's stamp and initials indicating they were filed January 3, 1995. Further, although Plaintiffs' attorney's copies purported to show a filing date of December 30, 1994, these copies did not bear the clerk's initials as required.

On February 7, 1995, Plaintiffs filed their notice of appeal. Respondent Salvation Army filed a motion to dismiss Plaintiffs' appeal as untimely and cross appealed on February 14, 1995.

■ A timely filing of a notice of appeal is a jurisdictional requirement; if the notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal. *In re Marriage of Short*, 847 S.W.2d 158, 161 (Mo.App.1993). Rule 81.04(a) provides that an appeal must be filed no later than ten days after the judgment becomes final. A judgment becomes final thirty days after it is entered by the trial court. Rule 81.05(a). However, if a party files a timely motion for new trial, the judgment does not become final until the expiration of 90 days after the motion is filed. *Id.* The trial court's ruling on the timeliness of Plaintiffs' filing is a factual determination. Therefore, the issue before us is whether the record contains evidence from which the court reasonably could have concluded that the filing was not timely. We view the evidence in the light most favorable to the trial court's ruling.

■ In support of their argument that their post-trial filings were timely, Plaintiffs rely upon a Memorandum for Clerk dated January 30, 1995, two days after the hearing on the post-trial motions. Assuming, without deciding, that this document was properly before the court and can properly be considered on appeal, it is not sufficient to deprive the trial court's finding of evidentiary support. The Memorandum for Clerk, signed by the division three judge, states in relevant part:

> A messenger from the law offices of [Plaintiffs' counsel] appeared in Div. 3 on December 30, 1994 to file the documents. The clerk was on vacation that day. The undersigned Judge directed the messenger to go to the courtroom with the documents, file stamp the originals leaving them on the clerk's desk and file stamp the attorneys' copies. Apparently, the messenger file stamped only the attorneys' copies. Apparently the Clerk file stamped the originals Jan. 3, 1995 upon her return on that day.

The above memorandum indicates the division three judge was present when Plaintiffs attempted to file some documents; however, there is nothing in the record to indicate that the documents the judge saw on December 30, 1994, were the same as those which were filed stamped on January 3, 1995, by the clerk of the court, or the same as those

retained by counsel for Plaintiffs which were file stamped December 30, 1994. Moreover, Plaintiffs' own evidence shows they did not follow that judge's instructions. According to the Memorandum, the judge directed the messenger to go to the courtroom with the documents, file stamp the originals, leave them on the clerk's desk and file stamp the attorney's copies. Instead, the messenger allegedly left unstamped copies on the clerk's desk and took stamped copies back to the attorneys' office. On this record we cannot say the evidence does not support the trial court's ruling that Plaintiffs' post-trial submissions were not timely filed. The judgment therefore became final on December 30, 1994, and time was not extended under Rule 81.05.

It follows that Plaintiffs' February 7, 1995 notice of appeal was untimely filed because it was filed more than ten days after judgment became final. Although Rule 81.07 authorizes this court, upon motion, to issue a special order permitting a late filing of the notice of appeal, no such motion was filed within six months of the date of final judgment as mandated by the rule. *See Paparic v. McKinney,* 877 S.W.2d 139 (Mo.App.1994). Therefore, Plaintiffs' appeal must be dismissed.

■ Because Plaintiffs' appeal must be dismissed as untimely, The Salvation Army's cross-appeal must likewise be dismissed as untimely. The Salvation Army's cross-appeal was not filed until after Plaintiffs' untimely notice of appeal and is therefore untimely for the same reasons. Nor is it rendered timely pursuant to the provisions of Rule 81.04(b). Rule 81.04(b) provides that if a *timely* notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date the first notice of appeal was filed. *Rietsch v. T.W.H. Co., Inc.,* 702 S.W.2d 108, 110 (Mo.App.1985). Although The Salvation Army filed its cross-appeal within ten days of Plaintiffs' notice of appeal, that notice was not timely filed. Therefore, The Salvation Army's cross-appeal is also untimely. *See Rietsch,* 702 S.W.2d at 110. The Salvation Army likewise did not file a motion in this court pursuant to Rule 81.07. There-

fore, The Salvation Army's cross-appeal must also be dismissed.

CRANDALL and DOWD, JJ., concur.