**John C. BROWNING, Appellant,**

v.

**Joan K. BROWNING, Respondent.**

**No. WD 53065.**

Missouri Court of Appeals,
Western District.

June 24, 1997.

awarded appellant for Scott, the trial court having found that the presumed correct child support amount (PCCSA) of $67 per month, as calculated pursuant to respondent's Form 14, was "unjust and inappropriate" and should be rebutted downward to $0. The trial court awarded periodic maintenance to respondent of $2,000 per month plus a lump-sum of $12,000 as "retroactive" maintenance for a portion of the period of time between the filing of her *pendente lite (PDL)* motion for temporary maintenance and the granting of the dissolution.

Appellant raises two points on appeal. In his first point, he alleges that the failure of the trial court to award him any child support was error in that: (1) in accepting respondent's Form 14 calculation, the court erroneously declared and applied the law because the calculation failed to include in respondent's gross monthly income the periodic maintenance awarded to her; and, (2) the trial court's finding that the PCCSA of $67 per month was unjust and inappropriate because respondent did not have the means to pay it and still meet her own needs was against the weight of the evidence. In his second point, appellant alleges that the trial court erred in that it erroneously declared and applied the law in awarding "retroactive" maintenance of $12,000.

We affirm in part and reverse and remand in part.

Michael C. Harris, Independence, for appellant.

Rita L. Hentzen–Hoop, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

John Browning appeals the judgment of the Circuit Court of Jackson County dissolving his marriage to respondent, Joan Browning. In its decree, the trial court, *inter alia,* awarded the parties joint legal custody of their minor child, Scott, with primary physical custody to appellant and reasonable visitation to respondent. No child support was

### Facts

The parties were married on June 17, 1978. Their only child, Scott C. Browning, was born on October 21, 1979. On June 27, 1995, appellant filed his petition for dissolution of marriage in the Circuit Court of Jackson County. On August 10, 1995, respondent filed *Respondent's Answer and Counter–Petition for Dissolution of Marriage,* wherein she requested, *inter alia,* maintenance. On October 5, 1995, respondent filed a *PDL* motion requesting, *inter alia,* temporary maintenance, which was never heard, although respondent claims she made several attempts to set it for hearing. Respondent also claims that the trial court agreed to hear the motion via telephone conference, but only with the consent of all parties, and that ap-

pellant's previous counsel would not cooperate.

Appellant's petition was heard by the Honorable Sherrill Rosen, Family Court Commissioner, on May 29, 1996, and taken under advisement. As required, both parties submitted Form 14's, with appellant's reflecting a PCCSA of $92.89, and respondent's reflecting a PCCSA of $67. By letter to counsel for the parties dated May 30, 1996, Commissioner Rosen advised the parties of her findings and recommendations. On June 21, 1996, Commissioner Rosen issued her *Findings and Recommendations Judgment Entry.* From this, appellant did not file a motion for rehearing by a "judge" of the Family Court, as he was advised he could do in Commissioner Rosen's judgment entry. Appellant did file what he designated as his *Motion to Set Aside Decree, or, in the Alternative, to Amend Decree,* which was subsequently overruled. In his motion, appellant challenged the trial court's failure to award him any child support and the $12,000 award of retroactive maintenance to respondent. With his motion, appellant attached an amended Form 14, which included in respondent's gross monthly income the $2,000 per month awarded to her as periodic maintenance.

In its decree, the trial court, *inter alia,* dissolved the marriage of the parties; granted them joint legal custody of the minor child, with primary physical custody to appellant and reasonable visitation to respondent. The trial court ordered $0 child support from respondent to appellant, having accepted respondent's Form 14 calculation of $67 per month as the PCCSA but rebutting it as being "unjust and inappropriate." The trial court ordered appellant to pay respondent periodic maintenance in the amount of $2,000 per month commencing June 1, 1996. The trial court also awarded respondent maintenance retroactive to November, 1995, resulting in an arrearage of $12,000, with certain credits to appellant for payments he made on the lease and insurance on the Mazda Millennia, the lease of which was set off to respondent as marital property. The arrearage was ordered paid at the rate of $1,000 per month commencing July 1, 1996. As part of its decree, the trial court also divided to the parties marital and nonmarital property and debts.

This appeal follows.

## Standard of Review

"Provisions in a divorce decree will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Allen v. Allen,* 927 S.W.2d 881, 885 (Mo.App.1996), citing *Woolridge v. Woolridge,* 915 S.W.2d 372, 375 (Mo.App.1996); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The burden of demonstrating error is on the party challenging the divorce decree. *Allen,* 927 S.W.2d at 885. As to maintenance orders, the trial court is granted broad discretion, and "[t]he evidence is viewed favorable to the decree, disregarding evidence to the contrary and deferring to the trial court even if the evidence could support a different conclusion." *Id.* Child support provisions will be upheld unless the trial court abused its discretion or erroneously applied the law. *Leone v. Leone,* 917 S.W.2d 608, 611 (Mo.App.1996). The trial court's award of support will not be disturbed "unless the evidence is 'palpably insufficient' to support it." *Elliott v. Elliott,* 920 S.W.2d 570, 574 (Mo.App.1996). The trial court's determinations of credibility are awarded great deference. *Id.*

## I. Failure to Award Child Support

In his first point, appellant alleges that the failure of the trial court to award him any child support was error in that: (1) in accepting the Form 14 calculation of respondent, the court erroneously declared and applied the law because it failed to include in respondent's gross monthly income the periodic maintenance awarded to her; and, (2) the trial court's finding that the PCCSA of $67 per month was "unjust and inappropriate" because respondent did not have the means to pay it and still meet her own needs was against the weight of the evidence. We will address these subpoints separately.

### A. Is Maintenance to be Included as Gross Monthly Income in Form 14 Calculation?

■ In this subpoint, appellant is contending that the trial court erred in accepting respondent's Form 14 calculation because she included in her calculation an incorrect amount for her gross monthly income in that the amount reflected did not include the $2,000 per month maintenance she was to receive from appellant. This issue then is a Form 14 issue of "rejection," rather than "rebuttal." *See Woolridge*, 915 S.W.2d at 379.

The precise issue presented here was addressed by this court in *Runyan v. Runyan*, 907 S.W.2d 267, 271 (Mo.App.1995). We held there:

> The directions for the completion of Form 14 state that gross income includes **"spousal support actually received from a person not a party to the order."** (emphasis added). In other words, only maintenance received from a spouse other than the one from which child support is being sought is to be included in the calculation of gross income. This makes sense, for the purpose of this portion of Form 14 is to determine each party's individual resources from other sources. *Accord Wagner v. Wagner*, 898 S.W.2d 649 (Mo.App.1995). The trial court, therefore, erred by including the amount that Wife received as maintenance from Husband in Wife's gross income.

*Id.* at 271. Thus, the failure of the trial court here to include in the Form 14 calculation of the PCCSA the $2,000 maintenance award to respondent as part of her gross monthly income reflected in her Form 14 was not error.

### B. Was the Trial Court's Finding that the PCCSA was "Unjust and Inappropriate" Against the Weight of the Evidence?

■ Pursuant to the mandatory procedure set out in *Woolridge, supra*, the trial court here determined the PCCSA to be $67 per month. *See Neal v. Neal*, 941 S.W.2d 501 (Mo. banc 1997). It did so by accepting the

Form 14 calculation submitted by respondent. Having determined the PCCSA, the trial court then rebutted this amount as being "unjust and inappropriate," and found the reasonable child support in this case to be $0. The procedure employed by the trial court in rebutting the PCCSA is consistent with the required procedure under Rule 88.01 and § 452.340.8.[1] *Woolridge*, 915 S.W.2d at 379. However, appellant contends that the trial court's finding that the PCCSA of $67 per month was "unjust and inappropriate" and that the reasonable child support amount was $0 is against the weight of the evidence. We agree.

■ It is presumed that the amount of child support calculated pursuant to Form 14 and accepted by the trial court is the correct amount to be awarded. *Id.* at 380. The burden of showing the necessity for a deviation from Form 14 is on the party seeking to rebut the presumption. *Price v. Price*, 921 S.W.2d 668, 673 (Mo.App.1996).

> Rule 88.01 provides that the presumed correct child support amount [PCCSA] calculated pursuant to Form 14 may be rebutted upon a finding that it is unjust or inappropriate **after consideration of all relevant factors.** Section 452.340.8 provides the presumed correct child support amount may be rebutted upon a finding that it is unjust or inappropriate **after consideration of all relevant factors, including the factors set out in § 452.340.1.** Unlike a Form 14 calculation, there is no mandatory worksheet or formula to be used in determining whether a Form 14 amount is unjust or inappropriate.

*Woolridge*, 915 S.W.2d at 380 (emphasis added). Thus, in determining whether the PCCSA is unjust and inappropriate, the trial court is to take into consideration any relevant factors, including the factors set out in § 452.340.1. The relevant factors as set out in § 452.340.1 are as follows:

> (1) The financial needs and resources of the child;

> (2) The financial resources and needs of the parents;

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

(3) The standard of living the child would have enjoyed had the marriage not been dissolved;

(4) The physical and emotional condition of the child, and his educational needs.

§ 452.340.1 (RSMo Cum. Sup.1996).

In rebutting the PCCSA here, the trial court found that "[r]espondent has limited resources for her own support, and petitioner has sufficient income to meet the child's needs without contribution from Respondent." Or, in other words, respondent did not have the ability to pay the PCCSA of $67 per month and still meet her own needs, and that appellant did not need any child support from her to meet the needs of the child. Thus, the trial court was obviously keying on factors (2) and (3) of § 452.340.1 in finding that the PCCSA was unjust and inappropriate.

■ In our analysis of respondent's ability to pay child support, we must look at what resources she had to pay support and still meet her own needs. In this respect, appellant contends that we should not only look at respondent's income, which the trial court found to be $669.20 per month, and the $2,000 per month in maintenance awarded to her, but also to the marital property set off to her. We agree. Generally speaking, all resources available to a parent should be considered in determining the ability of that parent to pay the child support awarded. *Sturgeon v. Sturgeon*, 849 S.W.2d 171, 175 (Mo.App.1993).

The record here indicates that respondent's resources to pay child support included her combined income and periodic maintenance of $2,669.20 per month and the following property set-off to her in the dissolution:

IT IS FURTHER ORDERED AND ADJUDGED that Respondent shall execute a Quit Claim Deed to Petitioner releasing her interest in said property to him. Petitioner shall execute a Promissory Note to Respondent in the amount of $16,700.00, at 5% simple interest per annum, secured by a second Deed of Trust. Said note shall be due and payable on June 1, 1999.

IT IS FURTHER ORDERED AND ADJUDGED that the Respondent is awarded the following marital property as her sole and separate property:

a. American Mutual Funds IRA, valued at $572.00

b. Bank of Jacomo IRA, valued at $9,263.00

c. 20th Century IRA # 21001140261, valued at $13,326.00

d. 20th Century IRA # 30000138843, valued at $7,576.00

e. Utilicorp United Employee Stock Purchase plan, # 04995–29758, 184 shares, valued at $5,129.00

f. UCU Stock contribution plan, valued at $23,693.75. If this is part of Petitioner's retirement benefits and ERISA is applicable, it is to be set aside to Respondent by a Qualified Domestic Relations Order.

g. Household goods in her possession, value unknown

   Models, valued at $300.00

h. The lease on the Mazda Millennia, value unknown

I. Central Credit Union, valued at $200.00

IT IS FURTHER ORDERED AND ADJUDGED that fifty percent of the marital portion (69.2%) of Petitioner's accrued monthly benefit from the Utilicorp United Inc. Restated Retirement Income Plan shall be set aside to Respondent as her sole and separate property. The monthly benefit shall be valued as of the date of the Dissolution Decree. Respondent shall be designated as a joint and 100% survivor. This shall be effectuated by a Qualified Domestic Relations Order.

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner's 401K plan with Utilicorp shall be divided as follows:

a. The sum of $3,317.13 shall be set aside to Petitioner as his non-marital portion of the 401K Plan.

b. The balance of the 401K plan shall then be divided equally between the parties. This shall be effectuated by a Qualified Domestic Relations Order.

As to respondent's expenses, although appellant failed to include in the record on appeal respondent's statement of income and expenses, admitted at trial as Exhibit 3, we do have respondent's testimony that the total of the expenses indicated on her statement was $2,000 per month, the exact amount of maintenance awarded to her. We can infer from this that the resources available to respondent, other than maintenance, could then be used to pay the PCCSA of $67 per month, which is in direct conflict with the trial court's finding that this amount was "unjust and inappropriate" due to respondent's inability to pay. Thus, we conclude that the trial court erred when it found that the PCCSA of $67 per month was "unjust and inappropriate" and ordering $0 child support.

■ The fact the trial court found that appellant could provide the necessary support for the minor child without contribution from the respondent is not determinative of the issue presented here. Once it is determined that a parent has the ability to pay his or her percentage of the total child support obligation, that parent is not relieved of this obligation or responsibility simply because the other parent has the ability to pay the total child support obligation of the parents. *Elliott,* 920 S.W.2d at 578. The logic in this is clear. In determining child support pursuant to Form 14, the parties' relative abilities to pay support are already taken into consideration with each parent to pay a percentage of the total support calculated according to their combined gross monthly incomes. Thus, in rebutting the Form 14 presumed correct child support amount for an individual parent as being unjust or inappropriate based on his or her inability to pay, the relevant inquiry is the ability to pay of the party seeking to rebut, not the ability of the other party to pay. To hold otherwise, would allow a parent to escape his or her obligation to pay child support, not on the basis he or she couldn't pay it, but simply because the other parent could. We reject this notion here, as we did in *Elliott, supra.*

Because the trial court's finding that the PCCSA of $67 per month was "unjust and inappropriate" is not supported by the record, we reverse its judgment awarding $0

child support and remand the cause for the court to enter an amended judgment ordering respondent to pay child support to appellant in the amount of $67 per month, to commence no later than June 1, 1996. However, in entering its amended judgment entry, the trial court is free to consider making this award retroactive in conformity with § 452.340.1.

## II. Award of Retroactive Temporary Maintenance

■ In appellant's second point on appeal, he alleges that the trial court erred as a matter of law in awarding respondent "retroactive" maintenance, because § 452.335, governing the award of maintenance in a final decree, is only prospective in its application. Although we agree with this basic premise, in light of respondent's motion for "temporary" maintenance, we disagree that the trial court erred in awarding what it characterized as "retroactive" maintenance in the amount of $12,000.

The appellate courts have interpreted § 452.335, which governs a maintenance award in a final divorce decree, as applying prospectively only. *Ritter v. Ritter,* 920 S.W.2d 151, 154–55 (Mo.App.1996). However, § 452.315, governing an award of temporary maintenance, has been interpreted to allow a retroactive award of temporary maintenance, unless waived, to the date the motion for temporary maintenance was filed. *Wakili v. Wakili,* 918 S.W.2d 332, 340 (Mo. App.1996); *Roedel v. Roedel,* 788 S.W.2d 788, 790 (Mo.App.1990). And, going one step further, the Western District of this court held in *In re Marriage of Davis,* 821 S.W.2d 123, 124 (Mo.App.1991), that it was an abuse of discretion for the trial court to deny retroactive temporary maintenance even though no hearing was demanded or held on wife's motion for temporary maintenance prior to the hearing on the petition and final decree. *Contra, C.M.D. v. J.R.D.,* 710 S.W.2d 474, 479 (Mo.App. E.D.1986). In holding as it did, this court stated:

Contrary to respondent's contention wife should not be held to have forfeited or waived temporary maintenance because of her failure to demand and have an eviden-

tiary hearing on the motion. Economy is served by a single trial disposing of all issues, so a party should not be penalized for his or her election to forego an additional hearing on pendente lite motions. *Davis*, 821 S.W.2d at 124.

Here, respondent filed on October 5, 1995, her *PDL* motion for temporary maintenance, accompanied with an affidavit. Respondent alleges that she attempted to secure a hearing on the motion on several occasions, but was unsuccessful due to the trial court's crowded docket. The trial court suggested that the motion be heard via telephone conference, but required both parties to participate. In this respect, respondent contends that appellant's then attorney "refused to cooperate" in efforts to schedule such a conference. During that time, appellant ceased the voluntary temporary maintenance payments he had been making. As to "retroactive" maintenance, the trial court found "that the Respondent filed a Motion for Temporary Maintenance in October, 1995, and that Petitioner stopped providing support to Respondent in November, 1995 and therefore, it is reasonable to make the maintenance award retroactive to November, 1995." From this we can glean that the retroactive maintenance award of $12,000 was, in fact, an "award of temporary retroactive maintenance," which was authorized under this court's interpretation of § 452.315.[2] *Id.* As such, we find the trial court did not err in awarding the $12,000 in retroactive temporary maintenance to respondent.

Point denied.

## Conclusion

The trial court's judgment is affirmed, except as to the award of $0 child support, which is reversed and the cause remanded for the trial court to enter an amended judgment entry in conformity with this opinion.

All concur.

---

2. In the future, in order to cut down on the confusion, it would be advisable for trial courts to refer to an award of "retroactive temporary maintenance" under § 452.315, as such, inasmuch as a retroactive award under § 452.335 is prohibited.