Kelly R. COMPTON, Respondent,

v.

Richard L. COMPTON, Appellant.

No. WD 53885.

Missouri Court of Appeals,
Western District.

March 17, 1998.

James J. Wheeler, Keytesville, for appellant.

Gary G. Wallace, Shelbina, for respondent.

Before ELLIS, P.J., and ULRICH and RIEDERER, JJ.

RIEDERER, Judge.

The Honorable Ronald M. Belt entered a Judgment and Decree of Dissolution of Marriage for Respondent, Kelly R. Compton, and Appellant, Richard L. Compton. Respondent filed a Motion to Amend or Modify Judgment. Judge Belt assigned the case to the Honorable James N. Foley, who held an evidentiary hearing and amended the original Judgment. Appellant alleges on appeal (1) that the assignment of Judge Foley violated Rule 79.01 because Judge Belt did not leave office, die, take ill, or become disabled within the meaning of the Rule; (2) that Judge Foley's denial of Appellant's application for continuance was an abuse of discretion and violated Supreme Court Rule 44.01; and (3) that Judge Foley exceeded his judicial authority in amending the judgment. Because the first issue is dispositive of the appeal, we do not address the other two.

## FACTS

The Respondent, Kelly R. Compton and the Appellant, Richard L. Compton, married on December 30, 1992. On August 9, 1995, Kelly Compton filed a petition to dissolve the marriage in the Circuit Court of Macon County. On April 25, 1996, the case was tried and taken under advisement by Judge Ronald M. Belt. Judge Belt entered Judgment and Decree of Dissolution of Marriage on July 8, 1996. The Judgment and Decree dissolved the marriage, determined the marital and non-marital property of the parties, and divided the marital property of the parties. Respondent filed a Motion to Amend or Modify Judgment July 31, 1996; this motion was timely filed within 30 days of entry of judgment, before that judgment became final. Missouri Rule of Civil Procedure 75.01. On August 5, 1996, Judge Belt made the following docket entry:

"Case assigned to Honorable James N. Foley, who is authorized to record electronically."

The record reveals no reason for this assignment, but Respondent claims on appeal that Judge Belt was assigned to sit in the City of St. Louis the week of August 5, 1996.

On August 7, 1996, Judge Foley held an evidentiary hearing. Appellant appeared without counsel, as his counsel was ill and was discontinuing her practice of law. Appellant asked for a continuance; Judge Foley denied the request, stating that the Court had to hear this matter on that very day, because that was the thirtieth day after Judge Belt's entry of judgment and the trial court would lose jurisdiction under Rule 75.01 if the Court did not hold the hearing. Judge Foley gave Appellant a few minutes to find other counsel. Appellant could not. After a hearing, Judge Foley amended the original judgment in three ways. First, Judge Foley awarded the Respondent $7,350.00, the value of damaged or undelivered property awarded to her by Judge Belt. Second, Judge Foley awarded the Respondent $2,000.00 in cash in lieu of an automobile which Judge Belt had awarded to her but which in fact did not exist. Third, Judge Foley awarded the Respondent $30,000.00 because of Appellant's perjured testimony relating to unsecured business loans which he said he owed to two people, but which in fact did not exist.

■ Once Respondent's timely after-trial motion was filed on July 31, 1996, the time period within which the court could exercise jurisdiction over the judgment extended to ninety days. Missouri Rule of Civil Procedure 81.05; *McCombs v. Joplin 66 Fairgrounds, Inc.*, 925 S.W.2d 946, 949 (Mo.App. 1996). The record reveals that the trial court believed it was operating under a thirty-day time constraint,[1] when, in fact, it had jurisdiction over Respondent's timely filed motion for ninety days under Rule 81.05. The court could have, at its discretion, granted Appellant's request for continuance without losing jurisdiction over the subject of the motion. Likewise, Judge Belt did not have to assign the case to Judge Foley to meet a thirty-day deadline under Rule 75.01.

## STANDARD OF REVIEW

■ The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Browning v. Browning*, 947 S.W.2d 106, 108 (Mo.App.1997).

## RULE 79.01

Appellant contends that the assignment of Judge Foley by Judge Belt violated Supreme Court Rule 79.01, which provides in full:

---

1. Judge Foley stated during the evidentiary hearing: "But I'm not sure how I can protect your rights and protect the 30–day time period, which is an absolute thing. I mean, if we could extend the 30 days—And this is something you don't know, but I certainly know, and I know Mr. Wallace knows. There's nothing any of us can do. She could be brought in here with doctors, giving her blood plasma, and I can't continue that 30 days. The 30 days is absolute. And the Court loses jurisdiction, and it goes from here to the Court of Appeals. So, I—If I'm to err, I'm going to err in favor of the 30–day rule. And I'm going to deny your request for a continuance based upon what appears to you to be bona fide reasons."

"If by reason of going out of office, death, sickness or other disability the judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform these duties; but if such other judge is satisfied that those duties cannot be performed because such judge did not preside at the trial, or for any other reason, such judge may grant a new trial."

Our analysis of whether Rule 79.01 applies begins with an examination of Section 478.240, which provides, in pertinent part, that "the presiding judge of the circuit ... shall have the authority to assign judges to hear such cases ... as the presiding judge may designate and to assign judges to divisions." Section 478.240.2 RSMo 1994. The statute further provides that "the presiding judge shall not, however, be authorized to make the following assignments: ... (3) Assignment of a case to a judge contrary to provisions of supreme court rules...." Section 478.240.2(3) RSMo 1994. Appellant argues that the assignment of this case to Judge Foley was contrary to the provisions of Supreme Court Rule 79.01.

Rule 79.01, by its plain terms, applies only where "the judge before whom an action has been tried" is unable to perform his post-trial duties. A successor judge may assume a predecessor's duties only where this inability to perform duties arises "by reason of going out of office, death, sickness or other disability" after a verdict is returned or findings of fact are filed. Supreme Court Rule 79.01. The judge before whom this action was tried was Judge Ronald Belt. He filed his findings of fact on July 8, 1996. Rule 79.01 applied after July 8, 1996. In addition, when the Motion to Amend or Modify was filed on July 31, 1996, the trial court's jurisdiction over that motion was extended to ninety days under Rule 81.05.

The question presented is whether Judge Ronald Belt was unable to perform the duties to be performed by the court "by reason of going out of office, death, sickness or other disability." The record does not reveal the reason why Judge Belt did not hold the evidentiary hearing on August 7, 1996. We suppose it would be widely known if Judge Belt had died or had gone out of office. No mention was made in the record of a sickness. Respondent's brief indicates that Judge Belt was assigned to sit in St. Louis on the date in question. Thus, Appellant and Respondent specifically argue whether a temporary assignment to another circuit is included in the definition of "other disability." The parties have argued over the applicability of *Central Bank of Kansas City v. Costanzo*, 873 S.W.2d 672 (Mo.App. 1994). (The *Central Bank* court stated that the assignment of a judge to a criminal docket was not a "disability" within the meaning of 79.01.) It is not applicable.

The record is barren regarding any of the predicates of Rule 79.01. Most importantly, this record contains no information about an assignment of Judge Belt on August 7, 1996. This court is not able to determine from this record whether Rule 79.01 was complied with or violated. Rule 79.01 does apply to these facts, since the trial judge had already filed the findings of fact. However, the record does not reveal why this case was assigned to Judge Foley. If Judge Belt could not perform the duties required here by reason of going out of office, death, sickness or other disability, then the Rule was complied with; if the assignment was for any other reason, then the Rule was violated. We can not discern the reason, as the record does not reveal it.

For the foregoing reasons, we reverse the judgment of Judge Foley and remand this case to the trial court for further proceedings consistent with this opinion.

All concur.