**ROBERTS PLAZA II, LLC, Respondent,**

v.

**4915 LLC, Appellant.**

**No. ED 88125.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 26, 2006.

Patrick J. Kenny, Jonathan D. Valentino, St. Louis, MO, for respondents.

Elbert Dorsey, Saint Louis, MO, for appellant.

### OPINION

GLENN A. NORTON, Presiding Judge.

4915 LLC ("Tenant") appeals the default judgment entered in favor of Roberts Plaza II, LLC ("Landlord"). We dismiss the appeal for lack of a timely notice of appeal.

### I. BACKGROUND

Landlord filed a rent and possession action against Tenant. Default judgment was entered against Tenant on March 29, 2006. Tenant filed a motion to set aside the default judgment on April 5th, and it was denied on May 10th. Tenant then filed a motion to reconsider, which was denied on May 17th.

Tenant filed its notice of appeal of the default judgment on May 23rd. This Court directed Tenant to show cause on or before June 28th why its appeal should not be dismissed for a lack of timely notice of appeal.

On June 29th, Tenant filed a motion for leave to file a late notice of appeal. The motion was granted on July 11th, granting Tenant fifteen additional days to file a notice of appeal and declaring the May 23rd notice of appeal void. Briefs were then filed, but no new notice of appeal was filed.

### II. DISCUSSION

If a timely notice of appeal has not been filed, this Court is without jurisdiction to review the appeal and it must be dismissed. *Rogiers v. Boatmen's Trust Co.*, 918 S.W.2d 285, 286 (Mo.App. E.D. 1996). Under Rule 81.04(a),[1] the notice of appeal must be filed no later than ten days after the judgment becomes final. A judgment becomes final at the expiration of ninety days after filing an authorized post-trial motion or, if such motion is passed on at an earlier date, the later of: (1) thirty days after entry of the judgment; or (2) disposition of the motion. Rule 81.05(a). A motion to set aside a default judgment filed within thirty days of entry of the default judgment is treated as an authorized post-trial motion. *Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 877 (Mo.App. E.D. 2001). A motion to reconsider is also an authorized post-trial motion if filed within

---

1. All Rules references are to Supreme Court Rules (2006).

thirty days of the judgment. *Ort v. DaimlerChrysler Corp.*, 138 S.W.3d 777, 779–80 (Mo.App. E.D.2004).

■ Tenant filed its motion to set aside within thirty days of the default judgment, and the motion was denied within ninety days. Therefore, Tenant had until ten days after the denial of its motion to file a timely notice of appeal to the default judgment. However, the notice of appeal was filed three days after the deadline. Further, this Court's July 11th order granting Tenant leave to file a late notice of appeal expressly made the untimely May 23rd notice of appeal void, and Tenant thereafter filed no new notice of appeal or challenge to the order. Finally, Tenant's motion to reconsider was not filed within thirty days of the default judgment and, therefore, was not an authorized post-trial motion, did not extend the time for filing a notice of appeal, and, in any case, Tenant filed its notice six days after the motion was denied. For these reasons, the notice of appeal was not timely filed, we do not have jurisdiction over this appeal, and it must be dismissed.

## III. CONCLUSION

The appeal is dismissed.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.