

# In the Missouri Court of Appeals Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | ED107699 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| v. | ) | the City of St. Louis |
| | ) | 1822-CC11276 |
| BANK OF WASHINGTON, et al., | ) | |
| | ) | Honorable Michael F. Stelzer |
| Appellant. | ) | |
| | ) | Filed:  December 24, 2019 |

**<u>OPINION</u>**

Bank of Washington appeals the judgment condemning property acquired for the construction and relocation of the National Geospatial-Intelligence Agency ("NGA") in favor of the City of St. Louis ("City").  We dismiss the appeal.

**BACKGROUND**

The City began acquiring property within 97-acres of North St. Louis City ("Property") after it was identified as one of the potential sites for the relocation of the National Geo-Spatial Intelligence Agency facility ("Property").  LCRA Holding Corporation ("LCRAH") was formed

to assume ownership of the Property.  Several parcels were owned by Northside Regeneration, LLC ("Northside"), upon which Bank of Washington held deeds of trust.  In 2016, LCRAH, Bank of Washington, and Northside entered into several agreements to transfer said property, including a purchase and sale agreement under which Bank of Washington agreed to release its liens for consideration.  However, in July 2018, Bank of Washington filed suit in Franklin County Circuit Court, seeking rescission of the purchase and sale agreement and the restoration of its deeds of trust against the Property.  LCRAH then filed an action in the Circuit Court of the City of St. Louis to quiet title in the Property against Bank of Washington and Northside.

While these actions were pending,[1] the City filed a petition in condemnation against LCRAH, Bank of Washington, Northside, and Gregory F.X. Daly, Collector of Revenue, seeking to have the Property condemned in fee simple.  On October 9, 2018, the court entered an order in favor of the City and appointed commissioners who issued their report assessing damages on October 22, 2018.  Subsequently, Bank of Washington filed exceptions to the commissioners' award, requesting a jury trial on damages, and LCRAH filed a motion for distribution of the award.  The court entered judgment apportioning the award on December 17, 2018, finding in relevant part, that Bank of Washington did not have a "compensable interest" in the Property and was not entitled to any distribution of the commissioners' award.  Bank of Washington did not appeal this judgment.  Bank of Washington's exceptions were dismissed upon joint motion of the City and LCRAH on February 15, 2019.  This appeal follows.

---

[1] The Franklin County case remains in litigation, but the City of St. Louis Circuit Court granted judgment quieting title in favor of LCRAH and Bank of Washington appealed.  We dismissed the appeal as moot and an application for transfer to the Missouri Supreme Court is pending.

2

**DISCUSSION**

Bank of Washington asserts five substantive points on appeal, challenging the judgment condemning the Property in favor of the City. However, the City filed a motion to dismiss the appeal as untimely.

In order to properly determine whether Bank of Washington timely filed its appeal, it is important to first understand certain substantive and procedural aspects of a condemnation proceeding, which is a bifurcated process. *City of Wentzville v. Dodson*, 133 S.W.3d 543, 548 (Mo. App. E.D. 2004). First, the court must determine whether the condemnation is authorized by law. *Id*. Once the court makes such a finding, commissioners are appointed to assess the damages as a result of the taking. *Id*. Pursuant to Section 523.050 RSMo (2016),[2] either party may file written exceptions seeking review of the commissioners' award by the court or a jury in which the sole issue is the value of the award. This procedure does not review the underlying order of condemnation or determine the amount awarded to a specific party. Instead, once the commissioners' award is issued, any defendant claiming an interest may file a motion for determination and distribution of their respective percentage pursuant to Section 523.053. This is an ancillary, separately appealable proceeding. It is final, regardless of any future developments that may result from the filing of exceptions, such as a new appraisement of the damages awarded by the commissioners. *Bi-State Devel. Agency v. Ames Realty Co.*, 258 S.W.3d 99, 104 (Mo. App. E.D. 2008); *see* Section 523.050.

The City claims the December 17, 2018 apportionment judgment, awarding Bank of Washington zero interest in the commissioners' award was final for appellate purposes because Bank of Washington had no longer had any interest in the award pursuant to *State ex rel.*

---

[2] All further statutory references are to RSMo (2016).

3

*Highway Comm. v. Carlie*, 487 S.W.2d 873 (Mo. App. St.L. 1972). Thus, the City asserts that *Carlie* effectively forecloses the right to appeal a substantive condemnation order when there is no appeal of the judgment apportioning an award.

Bank of Washington acknowledges the apportionment is separately appealable but elected not to appeal this judgment. *See Bi-State Devel. Agency*, 258 S.W.3d at 104. However, Bank of Washington claims that until the exceptions were dismissed, the interlocutory order of condemnation was not a final and appealable judgment. Thus, Bank of Washington asserts it timely appealed from the court's dismissal of the exceptions, citing *City of Wentzville* to support the conclusion it did not have to appeal until the exceptions were final. 133 S.W.3d at 547.

Unfortunately, neither Bank of Washington nor the City are entirely correct because they do not effectively reconcile the case law with these specific facts because in this case the fundamental issue is when the right to substantively appeal the condemnation vests after a defendant is found to have zero compensable interest in an award. However, we find the decision in *Carlie* is ultimately dispositive.

In *Carlie*, the court considered the rights of both a landowner and a licensee allowed to remove gravel from the land in a condemnation award. Upon motions by each defendant to determine their respective shares of the award, the court concluded the landowners were entitled to the entire award. 487 S.W.2d at 875. The licensee did not timely appeal his zero apportionment, and the court concluded once it was determined he had no interest in the award, his pending exceptions "had become lifeless." *Id*. at 876. The court stated the dismissal of the licensee's exceptions was "merely an act of judicial housecleaning. . . ." *Id*.

Similarly, upon LCRAH's motion in the underlying condemnation, the court determined Bank of Washington had no interest in the damages award. Bank of Washington did not appeal

4

this determination, and it became final thirty days after its entry. *See* Rule 81.05(a)[3] (absent authorized post-trial motion judgment becomes final thirty days after entry). As in *Carlie*, the final judgment determining Bank of Washington did not have any interest in the award in the condemnation case had the legal effect of dismissing Bank of Washington's pending exceptions as they were rendered "lifeless." 487 S.W.2d at 876.

Thus, the apportionment judgment awarding zero interest to Bank of Washington finally resolved Bank of Washington's exceptions for purposes of appeal. As a result, Bank of Washington was required to file its notice of appeal of both the apportionment judgment and the substantive issues[4] it now raises regarding the condemnation by January 28, 2019.[5] *See Bi-State Devel. Agency*, 258 S.W.3d at 104 and *City of Wentzville*, 133 S.W.3d at 547.

Bank of Washington did not file its notice of appeal until March 13, 2019. Therefore, the appeal was untimely. Absent a timely filed notice of appeal, we are without jurisdiction to review the case and it must be dismissed. *Roberts Plaza II, LLC v. 4915 LLC*, 209 S.W.3d 535, 536 (Mo. App. E.D. 2006). Thus, Bank of Washington's appeal is dismissed.

## CONCLUSION

As a result of the foregoing, the appeal is dismissed as untimely.

_____
Lisa P. Page, Judge

---

[3] All references to Rules are to Missouri Supreme Court Rules (2019).
[4] We disagree with the City's assertion that Bank of Washington's reliance on *City of Wentzville*, is mere "refuge in sophistry" as Bank of Washington did have a substantive right to appeal the judgment of condemnation, which the City would foreclose unless and until Bank of Washington would prevail on the sole issue of the apportionment proceeding on appeal.
[5] Pursuant to Rule 81.04(a), the notice of appeal must be filed no later than ten days after the judgment becomes final. Based on the December 17, 2018 apportionment judgment, this date was January 28, 2019.

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.